ORDERED.

Dated:  March 13, 2025

Caryl E. Delano
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISON**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Landmark Holdings of Florida, LLC, | Case No. 2:25-bk-00397 |
| | Jointly Administered With |
| Landmark Management Services of Florida, LLC, | Case No. 2:25-bk-00398 |
| Landmark Rehabilitation Hospital of Columbia, LLC, | Case No. 2:25-bk-00399 |
| Landmark Hospital of Athens, LLC, | Case No. 2:25-bk-00400 |
| Landmark Hospital of Cape Girardeau, LLC, | Case No. 2:25-bk-00401 |
| Landmark Hospital of Columbia, LLC, | Case No. 2:25-bk-00402 |
| Landmark Hospital of Joplin, LLC, | Case No. 2:25-bk-00403 |
| Landmark Hospital of Savannah, LLC, | Case No. 2:25-bk-00404 |
| Debtors.[1] | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Landmark Holdings of Florida, LLC (1217); Landmark Management Services of Florida, LLC (7031); Landmark Rehabilitation Hospital of Columbia, LLC (5424); Landmark Hospital of Athens, LLC (2745); Landmark Hospital of Cape Girardeau, LLC (1155); Landmark Hospital of Columbia, LLC (5424); Landmark Hospital of Joplin, LLC (9493); and, Landmark Hospital of Savannah, LLC (8003).

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY PREPETITION WAGES, SALARIES AND BENEFITS; (II) AUTHORIZING DEBTORS TO CONTINUE EMPLOYEE BENEFIT PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; AND (III) DIRECTING APPLICABLE FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

THIS CASE came on for consideration upon the motion [Docket No. 21] (the "Motion")[2] of the Debtors for entry of interim and final orders pursuant to Sections 105(a), 362(d), 363(b), 507(a)(4), 507(a)(5), and 541 of the Bankruptcy Code, Local Rule 2081-1(g)(3), and Bankruptcy Rules 6003 and 6004: (i) authorizing, but not directing, the Debtors to pay Prepetition Wages and Benefits; (ii) authorizing, but not directing, the Debtors to continue the Employee Benefit Programs in the ordinary course of business; (iii) permitting current and former employees to proceed with outstanding workers' compensation claims; and (iv) authorizing and directing applicable financial institutions to honor and process related checks and transfers; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion on March 13, 2025 (the "Hearing"); and upon the Chapter 11 Case Management Summary, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interest of the Debtors, their respective estates and creditors, and all parties in interest, and that the legal and

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**:

1. The relief requested in the Motion is hereby GRANTED in part on an interim basis as set forth herein.

2. The Debtors shall be, and hereby are, authorized, but not required, to pay or cause to be paid, in their sole discretion, all amounts required under or related to the prepetition Wages and Benefits, *provided, however*, that the Debtors are not authorized to pay any amounts in excess of the priority wage cap in section 507(a)(4) of the Bankruptcy Code to any individual on an interim basis.

3. The Debtors shall be, and hereby are, authorized, but not required, to pay or cause to be paid, in their sole discretion, all amounts required under or related to the prepetition Direct Physician Obligations, up to the amount of $110,000 during the interim period, *provided, however*, that the Debtors are not authorized to pay any amounts in excess of the priority wage cap in section 507(a)(4) of the Bankruptcy Code to any individual on an interim basis.

4. The Debtors shall be, and hereby are, authorized, but not required, to pay or cause to be paid, in their sole discretion, all amounts required under or related to the prepetition Employment Agency Obligations, up to the amount of $125,000 during the interim period, *provided, however*, that the Debtors are not authorized to pay any amounts in excess of the priority wage cap in section 507(a)(4) of the Bankruptcy Code to any individual on an interim basis.

5. The Debtors are authorized, but not required, to, in their sole discretion, continue to pay and honor their post petition obligations arising under or related to the Employee Benefit

Programs, as those Employee Benefit Programs were in effect as of the Petition Date and as such Employee Benefit Programs may be modified, terminated, amended or supplemented from time to time in the ordinary course of the Debtors' businesses *provided, however*, that the Debtors are not authorized to pay any amounts in excess of the priority wage cap in section 507(a)(4) of the Bankruptcy Code to any individual on an interim basis.

6. Nothing in this order shall be construed to authorize compensation to an "Affiliate Officer" within the meaning of Local Rule 2081-1(e).

7. All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Interim Order whether presented prior to or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8. Nothing in the Motion or this Interim Order, nor any payments made pursuant to it, shall be deemed to be, or constitute, (a) an admission as to the validity or priority of any claim against the Debtors, (b) an assumption or postpetition reaffirmation of any agreement, plan, practice, program, policy, executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, (c) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (d) a waiver of any rights, claims or defenses of the Debtors.

9. Nothing in the Motion or this Interim Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Interim Order.

10. Nothing in the Motion or this Interim Order shall be construed as impairing the Debtors' right to contest the validity or amount of any prepetition Wages and Benefits, including payroll taxes that may be due to any taxing authority.

11. The notice procedures set forth in the Motion are good and sufficient notice and satisfy Bankruptcy Rules 4001, 9014 and 6004(a) by providing parties with notice and an opportunity to object and be heard at a hearing.

12. The final hearing on the Motion is scheduled for April 2, 2025, at 1:30pm (prevailing Eastern Time) before this Court (the "Final Hearing").

11. The requirements of Bankruptcy Rule 6003 are satisfied.

12. This Interim Order shall be effective immediately upon the Court's ruling at the Hearing.

13. The Debtors are authorized to take all action necessary to carry out this Interim Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

Debtors' counsel is directed to serve a copy of this Interim Order on the parties which were provided notice pursuant to the Motion and file a proof of service within three days of entry of this Interim Order.