# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Landmark Holdings of Florida, LLC, | Case No. 2:25-bk-00397 |
| | Jointly Administered With |
| Landmark Management Services of Florida, LLC, | Case No. 2:25-bk-00398 |
| Landmark Rehabilitation Hospital of Columbia, LLC, | Case No. 2:25-bk-00399 |
| Landmark Hospital of Athens, LLC, | Case No. 2:25-bk-00400 |
| Landmark Hospital of Cape Girardeau, LLC, | Case No. 2:25-bk-00401 |
| Landmark Hospital of Columbia, LLC, | Case No. 2:25-bk-00402 |
| Landmark Hospital of Joplin, LLC, | Case No. 2:25-bk-00403 |
| Landmark Hospital of Savannah, LLC, | Case No. 2:25-bk-00404 |
| Debtors.[1] | |
| Landmark Hospital of Savannah, LLC, Case No. 2:25-bk-00404 | |
| Applicable Debtor. | |

**ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC.'S MOTION TO COMPEL LANDMARK HOSPITAL OF SAVANNAH, LLC TO ASSUME OR REJECT EXECUTORY CONTRACT PURSUANT TO SECTION 365(d)(2) OF THE BANKRUPTCY CODE, AND FOR ADEQUATE PROTECTION**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Landmark Holdings of Florida, LLC (1217); Landmark Management Services of Florida, LLC (7031); Landmark Rehabilitation Hospital of Columbia, LLC (5424); Landmark Hospital of Athens, LLC (2745); Landmark Hospital of Cape Girardeau, LLC (1155); Landmark Hospital of Columbia, LLC (5424); Landmark Hospital of Joplin, LLC (9493); and, Landmark Hospital of Savannah, LLC (8003).

St. Joseph's/Candler Health System, Inc. ("Movant") hereby respectfully moves the Court ("Motion") pursuant to §§ 105(d)(2) and 365(d)(2) of Title 11 of the United States Code ("Bankruptcy Code") to compel the debtor Landmark Hospital of Savannah, LLC ("Debtor") to assume or reject the Ancillary and Clinical Support Services Agreement dated as of February 13, 2015 (the "Contract") within thirty days after entry of an order granting this Motion, and to grant Movant adequate protection in the form of monthly payments for services rendered pursuant to § 363(e) of the Bankruptcy Code, in manner consistent with the proposed form of order attached hereto. In support of this Motion, Movant respectfully represents the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Order of Reference of Cases Arising Under Title 11, United States Code, and Designating Bankruptcy Judges to Conduct Jury Trials and Act as Settlement Judges* from the United States District Court for the Middle District of Florida dated as of October 29, 2024. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. On March 9, 2025 ("Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. On March 10, the Court entered an order directing that the Debtor's case be jointly administered for procedural purposes under the Lead Case *In re Landmark Holdings of Florida, LLC*, No. 2:25-bk-00397. (ECF 7.)

4. The Debtor continues in possession of its property and manages its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. Movant and Debtor entered into the Contract on or about February 13, 2015, under which Movant agreed to provide, or arrange to have provided through a subcontractor, clinical and ancillary support services ("Support Services") to inpatients at Debtor's hospital in Savannah, Georgia, and Debtor agreed to pay Movant for said Support Services. (Declaration of Tyler Sanders In Support of the Motion, ¶ 4; Ex. A.)

6. Section 5 of the Contract provides that Debtor shall remit payment to Movant within thirty (30) days of receiving an invoice for the Support Services rendered. Debtor has failed to make timely payments to Movant as and when due and is in breach of the Contract. (Sanders Decl. ¶¶ 5-7.) Moreover, under Section 11.1.1 of the Contract, Movant may terminate the Contract if Debtor fails, on three or more occasions, to timely make such payments. In fact, over the course of the last year, Debtor repeatedly failed to remit timely payments. As a result, Movant sought to terminate the Contract in accordance with Section 11.1.1 in June of 2024. (Sanders Decl. ¶ 8, Ex. B.)

7. As set forth in the invoices collectively attached hereto as Exhibit C, the Debtor owes Movant $227,322 for Support Services provided prior to the Petition Date. (Sanders Decl. ¶ 9.) While the Debtor has not assumed the Contract, the Debtor continues to receive Support Services from Movant. Unable to take any action on the Contract as a result of the bankruptcy filing, Movant is providing Support Services essentially for free. Since the Petition Date, the Debtor has benefited from an additional $87,832 in Support Services. (Sanders Decl. ¶ 10; Ex. D.) The combined pre- and post-petition outstanding amount owed by the Debtor under the Contract is $315,154. (Sanders Decl. ¶ 11.)

8. On April 11, 2025, the Court entered the *Second Interim Order Authorizing the Debtors to Use Cash Collateral and Granting Adequate Protection* (the "Cash Collateral Order").

3

ECF 109. The approved Budget provides for $3,615,000 in expenses for "Patient Care Expenses including Third Party Providers" for the five-week period running April 14 through May 18. *Id.* The Movant has not received any post-petition payments on account of the Contract as contemplated by the Cash Collateral Order.

9. On April 25, 2025, the Debtor filed its monthly operating report ("MOR") for the period from the Petition Date through March 31, 2025. ECF 130. The MOR shows that the Debtor had receipts of $1,643,198 and disbursements of $863,108, for a cash balance at the end of the month totaling $929,413. *Id.* The Debtor appears to have sufficient funds to pay all Contract pre-petition arrearages and ongoing post-petition obligations.[2]

10. To date, the Debtor has not moved to assume or reject the Contract, nor has the Debtor provided Movant with any payment or other adequate assurance of future performance under the Contract. On April 23, 2025, the Debtor filed its Schedule G and listed the Contract on its schedule of executory contracts. Schedule G at 2.41, ECF 13, Case No. 25-00404.

11. Pursuant to § 362 of the Bankruptcy Code, Movant is stayed from taking any action to recover against, or compel performance from, the Debtor under the Contract. Unless the Debtor takes affirmative action to either assume or reject the Contract, the Movant will suffer irreparable damages in that Movant will incur significant costs, resources, and lost time in providing Support Services without any compensation as required under the Contract. (Sanders Decl. ¶¶ 13-14.)

---

[2] On May 8, the Debtors filed an *Emergency Motion for Entry of an Order (I) Authorizing Payment of Expense Deposits In Connection with DIP Financing, and (II) Granting Related Relief*, ECF 136. Debtors' pre-petition lender Amerant Bank filed an objection on May 12. ECF 142. Amerant's objection contains a relevant discussion of the Debtors' positive cash flow, though the Movant here posits that some limited improvement in Debtors' cash position is a result of their failure to pay ongoing contractual expenses like the Contract at issue here.

12. Accordingly, Movant files this Motion seeking an order requiring that the Debtor be ordered to assume or reject the Contract within thirty days after entry of an order granting this Motion.

## ARGUMENT

### A. The Debtor Should Be Compelled To Assume Or Reject The Contract

13. "An executory contract is any contract where both parties have unperformed obligations that would constitute a material breach if not performed." *In re Elkowni*, 318 B.R. 605, 608 (Bankr. M.D.Fla. 2004). The Contract at issue is an executory contract. The Contract requires continued performance by the Movant, including the continued provisioning of Support Services, and by the Debtor, which is required to pay for Contract services as they are provided.

14. Section 365(d)(2) of the Bankruptcy Code provides that "the court, on the request of any party to such contract or lease, may order the [debtor in possession] to determine within a specified period of time whether to assume or reject such contract or lease." 11 U.S.C. § 365(d)(2); *see Matter of Will*, 33 B.R. 843 (Bankr. M.D.Fla. 1983). Section 105(d) also empowers the Court to enter an order setting "the date by which the trustee must assume or reject an executory contract." 11 U.S.C. § 105(d)(2)(A). "[T]he court may find that assumption or rejection should occur within a 'reasonable time'" according to "the bankruptcy court's discretion in light of all relevant facts and circumstances." *In re Cabi SMA Tower I, LLLP*, No. 10-49009-BKC-AJC, 2011 WL 1321366, at *2 (Bankr. M.D.Fla. Apr. 5, 2011) (citations omitted).

15. "The burden is on the movant to show that cause exists to shorten the time provided by section 365(d)(2)." *Id.* (citing *In re Dana Corp.*, 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006)). Courts consider a variety of factors, and no list is exhaustive. *In re Burger Boys, Inc.*, 94 F.3d 755, 761 (2d Cir. 1996) (collecting cases and factors); *In re Adelphia Communications Corp.*, 291

B.R. 283, 293 (Bankr. S.D.N.Y. 2003) (collecting cases and factors). Among the factors considered are

    a. The importance of the contracts to the debtor's business and reorganization;

    b. The debtor's failure or ability to satisfy post-petition obligations;

    c. The nature of the interests at stake;

    d. The balance of hurt to the litigants and the good to be achieved;

    e. Whether the debtor has had sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan;

    f. The safeguards afforded to the litigants;

    g. The damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code;

    h. Whether there is a need for judicial determination as to whether an executory contract exists;

    i. Whether exclusivity has been terminated; and

    j. The purpose of chapter 11, which is to permit successful rehabilitation of debtors.

16. A few factors may be dealt with quickly. Exclusivity has not yet been terminated, but there is no need for a judicial determination as to whether an executory contract exists. The Contract is between one Debtor and the Movant, and while the Contract is critical to the Debtor's operations, requiring a decision to assume or reject will not adversely affect the other debtors or their rehabilitation efforts. These factors are neutral towards, or slightly favor, granting the Motion.

17. Despite the importance of the Support Services and the continued provision of the Support Services by the Movant, the Debtor has failed to timely pay for the Support Services as required under the Contract and owes Movant approximately $315,154.00 for Support Services

provided before and after the Petition Date. Requiring the Debtor to make a decision to assume or reject the contract within thirty days after entry of an order granting this Motion not only provides the Debtor ample time to decide upon a course of action, but also drastically reduces the prejudice Movant currently faces by continuing to offer Support Services with no payment. These factors support granting the Motion.

18. The Debtor has failed to pay its post-petition obligations under the Contract. Further, the Budget approved by the Cash Collateral Order and the Debtor's MOR shows that it has the financial means to pay at least the post-petition Contract amounts as they come due. The Debtor is benefiting from the Contract while avoiding its burdens. These factors support granting the Motion.

19. The Bankruptcy Code provides breathing room and a pathway for the Debtor to successfully rehabilitate, but not at all costs. *Bartenwerfer v. Buckley*, 598 U.S. 69, 81 (2023) ("No statute pursues a single policy at all costs . . . ."). Movant incurs significant costs and expenses in providing the Support Services and is significantly prejudiced by the Debtor's ongoing refusal or inability to pay its contractual obligations. The Court must make an equitable determination based on the balance of harm and in light of the particular circumstances to the parties to the Contract. Here, the totality of the circumstances and the interests of justice weigh in favor of shortening the time in which the Debtor may assume or reject the Contract. Applying the relevant factors requires the Court to compel the Debtor to assume or reject the Contract within thirty days of entry of an order granting this Motion.

**B. Request for Adequate Protection**

20. Additionally, Movant respectfully requests the Court grant Movant adequate protection in the form of allowance and immediate payment of an administrative claim for

services rendered for the benefit of the estate post-petition.

21. Section 363(e) of the Bankruptcy Code permits "an entity that has an interest in property used, sold, or leased [by the debtor in possession] to request the court to "prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Courts have held that a non-debtor party to an executory contract is entitled to adequate protection of its interest pending a debtor's decision to assume or reject the contract. *See Memphis-Shelby Cnty. Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 783 F.2d 1283, 1286-87 (5th Cir. 1986) (noting that adequate protection may provide interim relief pending a debtor's decision to assume or reject a real property lease).

22. Here, Movant is entitled to adequate protection because it provides crucial Support Services to the Debtor. The Contract rate is the "presumptively" reasonable value of the services rendered, *In re Vetzel Moving & Storage*, 85 B.R. 786, 788 (Bankr. M.D.Fla. 1988), and Movant respectfully submits that the appropriate form of adequate protection to be granted to Movant is allowance and immediate payment of an administrative claim in the monthly invoiced Contract amount.

23. Even without § 363(e), Movant would be entitled to an administrative claim under § 502(b)(1)(A) which grants administrative priority for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 502(b)(1)(A); *see In re Subscription Television of Greater Atlanta*, 789 F.2d 1530, 1532 (11th Cir. 1986). It is well settled that "[p]ending the decision to reject, the non-debtor entity to the contract is entitled to payment as an administrative expense for goods and services provided during the period of time before the debtor assumes or rejects the contract." *In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003).

24.     Here, the Contract enables the Debtor to receive necessary Support Services that include lab work, imaging, and other crucial hospital services. The Debtor has continued to benefit from the Contract post-petition. The Support Services, and Contract generally, are "actually utilized" by the Debtor "in the operation of [the Debtor]'s business." *Subscription Television of Greater Atlanta*, 789 F.2d at 1532.

25.     Accordingly, Movant satisfies the requirements of § 503(b)(1)(A) and is entitled to an administrative claim at present of $87,832, as well as going forward amounts as required to be paid by the Debtor under the terms of the Contract.

## CONCLUSION

26.     In sum, it is abundantly clear that the factors weigh strongly in favor of the Court compelling the Debtor to assume or reject the Contract within thirty days of entry of an order granting the Motion. Additionally, until the Debtor chooses to reject the Contract, the Movant respectfully requests the Court grant Movant adequate protection.

Respectfully submitted this 16th day of May, 2025.

By:  */s/ Sameer K. Kapoor*
Seann M. Frazier (FL Bar No. 971200)
PARKER, HUDSON, RAINER & DOBBS LLP
101 E. College Avenue, Suite 302
Tallahassee, Florida 32301
Tel: (850) 681-0191
Fax: (850) 681-9493
sfrazier@phrd.com

-and-

Sameer K. Kapoor (admitted *pro hac vice*)
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree St NE, Suite 3600
Atlanta, Georgia 30308
Tel: (404) 523-5300
Fax: (404) 522-8409
skapoor@phrd.com

*Attorneys for St. Joseph's/Candler Health System, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Landmark Holdings of Florida, LLC, | Case No. 2:25-bk-00397 |
| | Jointly Administered With |
| Landmark Management Services of Florida, LLC, | Case No. 2:25-bk-00398 |
| Landmark Rehabilitation Hospital of Columbia, LLC, | Case No. 2:25-bk-00399 |
| Landmark Hospital of Athens, LLC, | Case No. 2:25-bk-00400 |
| Landmark Hospital of Cape Girardeau, LLC, | Case No. 2:25-bk-00401 |
| Landmark Hospital of Columbia, LLC, | Case No. 2:25-bk-00402 |
| Landmark Hospital of Joplin, LLC, | Case No. 2:25-bk-00403 |
| Landmark Hospital of Savannah, LLC, | Case No. 2:25-bk-00404 |
| Debtors.[3] | |

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Landmark Holdings of Florida, LLC (1217); Landmark Management Services of Florida, LLC (7031); Landmark Rehabilitation Hospital of Columbia, LLC (5424); Landmark Hospital of Athens, LLC (2745); Landmark Hospital of Cape Girardeau, LLC (1155);

| | |
|---|---|
| Landmark Hospital of Savannah, LLC, Case No. 2:25-bk-00404<br><br>Applicable Debtor. | |

**[PROPOSED] ORDER GRANTING ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC.'S MOTION TO COMPEL LANDMARK HOSPITAL OF SAVANNAH, LLC TO ASSUME OR REJECT EXECUTORY CONTRACT PURSUANT TO SECTION 365(d)(2) OF THE BANKRUPTCY CODE, AND FOR ADEQUATE PROTECTION**

THIS CASE came on for consideration on [●], upon the motion [Docket No. ●], (the "Motion") of the movant St. Joseph's/Candler Health System, Inc. ("Movant") for entry of an order, pursuant to Sections 105(d)(2), 365(d)(2), and 363(e) of the Bankruptcy Code, compelling Landmark Hospital of Savannah, LLC ("Debtor") to assume or reject the Contract and grating adequate protection; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 1334(b) and 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the Declaration of Tyler Sanders in support of the Motion, and the record of the Hearing, and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Movant, the estates, and creditors, and all parties in interest, and the Motion establishes just cause for the relief granted herein; and after due deliberation thereon, good and sufficient cause exists for the granting of such relief as set forth herein, it is hereby **ORDERED**:

---

Landmark Hospital of Columbia, LLC (5424); Landmark Hospital of Joplin, LLC (9493); and, Landmark Hospital of Savannah, LLC (8003).

2

3

1. The Motion is GRANTED.

2. The Debtor shall have until [●] to assume or reject the Contract.

3. The Debtor shall pay all post-petition amounts outstanding under the Contract to Movant, and shall continue to pay all such amounts as they come due in accordance with the terms of the Contract.  Post-petition amounts due under the Contract shall be entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(1).