**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Landmark Holdings of Florida, LLC, | Case No. 2:25-bk-00397 |
| | Jointly Administered With |
| Landmark Management Services of Florida, LLC, | Case No. 2:25-bk-00398 |
| Landmark Rehabilitation Hospital of Columbia, LLC, | Case No. 2:25-bk-00399 |
| Landmark Hospital of Athens, LLC, | Case No. 2:25-bk-00400 |
| Landmark Hospital of Cape Girardeau, LLC, | Case No. 2:25-bk-00401 |
| Landmark Hospital of Columbia, LLC, | Case No. 2:25-bk-00402 |
| Landmark Hospital of Joplin, LLC, | Case No. 2:25-bk-00403 |
| Landmark Hospital of Savannah, LLC, | Case No. 2:25-bk-00404 |
| Debtors.[1] | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER**
**(I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT, (II) SCHEDULING**
**A COMBINED HEARING AND SETTING DEADLINES RELATED THERETO, (III)**
**APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING**
**VOTES ON PLAN, (IV) APPROVING MANNER AND FORM OF NOTICE AND**
**OTHER DOCUMENTS, AND (V) GRANTING RELATED RELIEF**

**(Motion requested on emergency basis without hearing)**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Landmark Holdings of Florida, LLC (1217); Landmark Management Services of Florida, LLC (7031); Landmark Rehabilitation Hospital of Columbia, LLC (5424); Landmark Hospital of Athens, LLC (2745); Landmark Hospital of Cape Girardeau, LLC (1155); Landmark Hospital of Columbia, LLC (5424); Landmark Hospital of Joplin, LLC (9493); and, Landmark Hospital of Savannah, LLC (8003).

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), by their undersigned proposed counsel, state as follows in support of this motion (the "<u>Motion</u>"):

## **<u>RELIEF REQUESTED</u>**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Solicitation Procedures Order</u>"):

a. conditionally approving the adequacy of the *Disclosure Statement for Joint Plan of Landmark Holdings of Florida, LLC and Its Affiliated Debtors* (as may be amended, supplemented, or modified, the "<u>Disclosure Statement</u>");

b. scheduling a hearing (the "<u>Combined Hearing</u>") on August 21, 2025 at 10:00 a.m. (ET), or such other time as soon thereafter as counsel may be heard, to consider final approval of the Disclosure Statement and confirmation of the *Joint Plan of Landmark Holdings of Florida, LLC and Its Affiliated Debtors* (as may be amended, supplemented, or modified, the "<u>Plan</u>");[2]

c. establishing the Objection Deadline (as defined below);

d. approving the form and manner of the notice of the Combined Hearing;

e. establishing the Voting Record Date and Voting Deadline (each as defined below) and the form and manner of the notice related thereto;

f. approving the Solicitation Procedures with respect to the Plan

g. approving the form of Ballot and Notice of Non-Voting Status with Opt-Out Form (each as defined below); and

h. granting related relief.

## **<u>JURISDICTION</u>**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[2] Copies of the Disclosure Statement and the Plan have been filed contemporaneously with this Motion. Capitalized terms used but not defined herein shall have the meanings set forth the Plan or Disclosure Statement, as applicable.

3.      The bases for the relief requested herein are sections 105(a), 1125, 1126, and 1128 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2002-1 and 9013-1 of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules").

## BACKGROUND

4.      On March 9, 2025 (the "Petition Date"), each of the Debtors filed with the Court their respective voluntary petitions under chapter 11 the Bankruptcy Code, commencing the above-captioned chapter 11 cases.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      On April 1, 2025, the Office of the United States Trustee appointed the Joint Committee of Creditors Holding Unsecured Claims (the "Committee"), comprised of the following five members: J&R Fuller, LLC d/b/a PharmaCare Services, Medline Industries, LP, TFG Billing, LLC, Upright Healthcare Workforce, LLC, and LRS Healthcare, LLC.

6.      The Debtors own and operate five long-term acute care ("LTAC") hospitals located in Missouri and Georgia. Debtor Landmark Management Services of Florida, LLC provides management services to each of the Debtors' hospitals. The Debtors' first hospital was opened in 2006. The Debtors' hospitals provide critical care to patients that require a higher level of care for a longer period of time than typical hospitals provide.

7.      The Debtors filed these cases with the intention of continuing their operations in the ordinary course of business and seeking to reorganize their financial affairs.  Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Debtors' Chapter 11 Case*

*Management Summary* (the "<u>Case Management Summary</u>"), which is incorporated herein by reference. Additional facts in support of the specific relief sought herein are set forth below.

8.      On May 25, 2025, the Court entered its *Order Establishing Deadline for Filing Plan and Disclosure Statement* [Docket No. 168] (the "<u>Procedural Order</u>"). Pursuant to the Procedural Order, the Court set a deadline of July 7, 2025, for the Debtors to file a Plan and Disclosure Statement. *See* Procedural Order, ¶ 1. The Procedural Order also provides that, if the Disclosure Statement is timely filed, the Court shall review its adequacy and, if found to be adequate, the Court shall enter an order conditionally approving the Disclosure Statement, establishing pertinent deadlines, and scheduling a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan. *Id.* at ¶ 4(a).

9.      On June 30, 2025, the Debtors filed their *Debtors' Motion for (A) Entry of an Order (I) Approving Bidding Procedures, (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (III) Approving Stalking Horse Protections, (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date, and (V) Approving Form of Notice Thereof; (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtors to Sell Their Assets, and (II) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Docket No. 206] (the "<u>Sale Motion</u>"),[3] which, among other things, seeks entry of an order (i) approving the bidding procedures for either a sale of substantially all of the Debtors' assets (the "<u>Sale</u>") or a reorganization through a plan of reorganization supported by a plan sponsor (a "<u>Reorganization</u>"), (ii) authorizing the Debtors to designate a stalking horse purchaser, (a "<u>Stalking Horse Purchaser</u>"), subject to higher or otherwise better offers, and (iii) authorizing the Debtors to hold an Auction, if necessary.

---

[3] Capitalized terms used but not defined herein relating to the Sale shall have the meaning set forth in the Sale Motion.

**PLAN AND DISCLOSURE STATEMENT**

10.    Concurrently with the filing of this Motion, the Debtors filed the Plan and the Disclosure Statement with the Court.  At a high level, the Plan preserves the same options for a value-maximizing transaction as set forth in the Sale Motion, and provides for either the (i) liquidation of the Debtors after consummation of the Sale, if any, and appointment of a plan administrator to facilitate the wind-down of the Debtors' estates; or (ii) revesting of estate assets in the Reorganized Debtors pursuant to the Reorganization and the issuance of new equity to a plan sponsor.  The Debtors, in consultation with the Prepetition Lender, will determine which option results in a value maximizing transaction.  The Disclosure Statement describes the Plan in detail, including the proposed treatment under the Plan for each class of Claims and Interests and the effect of the Plan on the Holders of such Claims and Interests.  The Disclosure Statement provides comprehensive information that will be relevant to Holders of Claims and Interests entitled to vote in determining whether to vote to accept or reject the Plan.  In particular, the only Class here entitled to vote on the Plan is Class 3, which is comprised entirely of the Prepetition Lender's secured claim.  As a result, the Debtors are confident that the Disclosure Statement provides adequate information for the sole voting Class to evaluate the Plan.

**SOLICITATION AND CONFIRMATION PROCESS**

11.    In accordance with sections 1122 and 1123 of the Bankruptcy Code, the Plan contemplates classifying Holders of Claims and Interests into various Classes for all purposes, including with respect to voting on the Plan, as follows:

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| 1. | Other Secured Claims | Unimpaired | Presumed to Accept |
| 2. | Other Priority Claims | Unimpaired | Presumed to Accept |
| 3. | Prepetition Lender Secured Claim | Impaired | Entitled to Vote |

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 4. | General Unsecured Claims | Impaired | Deemed to Reject |
| 5. | Section 510 Claims | Impaired | Deemed to Reject |
| 6. | Intercompany Claims | Impaired/Unimpaired | Deemed to Reject/ Presumed to Accept |
| 7. | Intercompany Interests | Impaired/Unimpaired | Deemed to Reject/ Presumed to Accept |
| 8. | Equity Interests | Impaired/Unimpaired | Deemed to Reject/ Presumed to Accept |

12.     Based on the foregoing and as discussed in greater detail below, (a) the Debtors are proposing to solicit votes to accept or reject the Plan from the Holder of Claims in Class 3 (the "Voting Class"), and (b) the Debtors are not proposing to solicit votes from Holders of Claims or Interests in Classes 1, 2, 4, 5, 6, 7, and 8 because such Classes are impaired and deemed to reject the Plan or unimpaired and deemed to accept (collectively, the "Non-Voting Classes").  However, as described below, the holders of Claims and Interests in the Non-Voting Classes will be entitled to exercise an opt-out right pursuant to the Opt-Out Form that will be provided to such holders.

13.     A chart of the key dates and deadlines the Debtors are seeking to establish, subject to the Court's availability, is provided below.

| Event | Date/Deadline |
|---|---|
| Voting Record Date | July 7, 2025 |
| Deadline to serve Notice of Combined Hearing | July 18, 2025 |
| Solicitation Date | July 18, 2025 |
| Deadline to File Plan Supplement | August 8, 2025 |
| Voting Deadline | August 14, 2025 at 4:30 p.m. (ET) |
| Objection Deadline | August 15, 2025 at 4:30 p.m. (ET) |
| Reply Deadline | August 19, 2025 at 2:00 p.m. (ET) |
| Combined Hearing | August 21, 2025 at 10:00 a.m. (ET) |

14.     Listed below are the exhibits attached to the Solicitation Procedures Order and cited throughout this Motion:

| Exhibit to Solicitation Procedures Order | Document |
|---|---|
| Exhibit 1 | Form of Class 3 Prepetition Lender Claim Ballot |
| Exhibit 2 | Form of Notice of Non-Voting Status |
| Exhibit 3 | Form of Opt-Out Form |
| Exhibit 4 | Form of Combined Hearing Notice |

15.     The Debtors respectfully submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code; however, by this Motion, the Debtors seek only conditional approval of the adequacy of the Disclosure Statement.  At the Confirmation Hearing, the Debtors will seek final approval of the adequacy of the Disclosure Statement.

## BASIS FOR RELIEF REQUESTED

### I.     THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE CONDITIONALLY APPROVED

16.     As set forth above, the Procedural Order provides that:

> If the Disclosure Statement is timely filed, the Court shall review its adequacy. If the Disclosure Statement is found to be adequate, the Court shall enter an order of conditional approval, establishing pertinent deadlines and scheduling the Consolidated Hearing.

Procedural Order, ¶ 4(a).

17.     Here, the Debtors request conditional approval of the Disclosure Statement to expedite and streamline the solicitation and confirmation processes, and request that final approval of the Disclosure Statement be reserved for the Combined Hearing.  The Disclosure Statement contains adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code, which defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the

> condition of the debtor's books and records, including a discussion
> of the potential material Federal tax consequences of the plan to the
> debtor, any successor to the debtor, and a hypothetical investor
> typical of the holders of claims or interests in the case, that would
> enable such a hypothetical investor of the relevant class to make an
> informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

18.    The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision on whether to vote for the plan. *See, e.g.*, *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 271 (5th Cir. 2015) ("The proponent of a reorganization plan . . . must provide a court-approved disclosure statement that contains 'adequate information' about the assets, liabilities, and financial affairs of the debtor sufficient to enable creditors to make an 'informed judgment' about the plan.") (internal citations omitted); *see also Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3rd Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum, Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001). Congress intended that such informed judgments would be needed both to negotiate the terms of, and to vote on, a plan of reorganization. *Century Glove*, 860 F.2d at 100.

19.    Whether a disclosure statement contains adequate information is intended by Congress to be a flexible, fact-specific inquiry left within the discretion of the bankruptcy court. *See, e.g.,* H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365; *Mabey v. SW Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.)*, 150 F.3d 503, 518 (5th Cir. 1998) ("The legislative history of § 1125 indicates that, in determining what constitutes 'adequate information' with respect to a particular disclosure statement, 'both the kind and form of information are left essentially to the judicial discretion of the court' and that 'the information

required will necessarily be governed by the circumstances of the case.'" (internal citations omitted)), *cert. denied*, 526 U.S. 1144 (1999); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case-by-case basis. This determination is largely within the discretion of the bankruptcy court.").

20.    In making this determination on a case-by-case basis, courts typically look for disclosures related to a variety of topics. Such topics include, among others: (a) the events that led to the filing of a bankruptcy petition, (b) the relationship of the debtor with its affiliates, (c) a description of the available assets and their value, (d) the debtor's anticipated post-emergence operations, (e) claims asserted against the debtor, (f) the estimated return to creditors under a chapter 7 liquidation, (g) the chapter 11 plan or a summary thereof, (h) financial information relevant to a creditor's decision to accept or reject the chapter 11 plan, (i) information relevant to the risks posed to creditors under the plan and (j) the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers. *See In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984).

21.    The Debtors respectfully submit that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code. Specifically, the Disclosure Statement contains the pertinent information necessary for the Holder of Claims in the Voting Class to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, the following key sections and information:

    a.    <u>Introduction</u>: background and material terms of the Plan, summary of voting on the Plan, summary of Combined Hearing and advisor contact information;

    b.    <u>Overview of the Debtors' Prepetition Operations</u>: Debtors' prepetition corporate structure, corporate history, business operations and revenue, and capital structure;

    c.      <u>Events Leading to Commencement of the Chapter 11 Cases</u>: factors impacting the Debtors' prepetition business and prepetition restructuring efforts;

    d.      <u>Overview of the Chapter 11 Cases</u>: commencement of the chapter 11 cases, first day motions and related relief, the Debtors' consensual use of cash collateral, marketing and sale of substantially all of the Debtors' assets in connection with the Bidding Procedures Order, solicitation of a Plan Sponsor, and other key events related to the Debtors' chapter 11 process;

    e.      <u>Summary of the Plan</u>: the classification and treatment of Claims and Interests under the Plan, corporate governance, the two scenarios that make up the "toggle" feature of the Plan: wind-down (with or without a 363 sale) and reorganization, release, injunction, exculpation, and related provisions, and the binding nature of the Plan, provisions governing distributions, procedures for resolving Claims, conditions precedent to confirmation of the Plan and occurrence of the Effective Date;

    f.      <u>Means for Implementation</u>: sources and uses of cash, wind-down and dissolution or reorganization of Debtors, D&O and insurance policies, corporate action, and treatment of directors, managers, and officers of the Debtors, among others;

    g.      <u>Confirmation of the Plan</u>: Combined Hearing and Confirmation Objections, statutory requirements for confirmation of the Plan, consummation of the Plan, amendments and revocation or withdrawal of the Plan, among others;

    h.      <u>Alternatives to Confirmation and Consummation of the Plan</u>: liquidation under chapter 7 of the Bankruptcy Code, or the dismissal of the chapter 11 cases;

    i.      <u>Factors to Consider Before Voting</u>: certain bankruptcy law considerations and additional risk factors related to liquidation or reorganization;

    j.      <u>Certain U.S. Federal Income Tax Consequences of the Plan</u>: certain U.S. federal income tax law consequences of the Plan with respect to certain Claims; and

    k.      <u>Conclusion and Recommendation</u>: the Debtors' recommendation that the Holder of Claims in the Voting Class vote to accept the Plan.

22.      Accordingly, the Disclosure Statement should be approved on a conditional basis as it provides the Holder of Claims in the Voting Class "adequate information," within the meaning of Section 1125 of the Bankruptcy Code, and, otherwise, complies with all aspects of Section 1125 of the Bankruptcy Code.  The Debtors will seek final approval of the adequacy of the Disclosure Statement, along with confirmation of the Plan, at the Combined Hearing.

## II.    THE COMBINED HEARING AND RELATED DEADLINES ARE APPROPRIATE

23.    Pursuant to sections 1128(a) and 105(d)(2)(B)(vi) of the Bankruptcy Code, the Debtors request that the Court set the Combined Hearing to consider confirmation of the Plan and approval of the Disclosure Statement on a final basis.  *See* 11 U.S.C. § 1128(a) (providing that, after notice, the Court shall hold a confirmation hearing); 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine hearing on approval of a disclosure statement with the confirmation hearing).  Further, as mentioned above, the Procedural Order provides for a combined hearing, as sought herein, provided that the Disclosure Statement contains adequate information. *See* Procedural Order, ¶ 4(a).  The Debtors' are working to consummate a value-maximizing transaction and complete these cases as efficiently and expeditiously as possible.  As a result, the Debtors believe that conditional approval of the Disclosure Statement is appropriate.

24.    Accordingly, the Debtors request that the Court modify the time periods contained in Bankruptcy Rules 2002(b) and 3017(a) and set **August 21, 2025, at 10:00am (ET),** or such other time as soon thereafter as counsel may be heard, as the date for the Combined Hearing and **August 15, 2025 at 4:30 p.m. (ET)** (the "Objection Deadline") as the deadline for parties in interest to file and serve objections (each, an "Objection") to the adequacy of the Disclosure Statement or confirmation of the Plan (provided that the hearing is set for August 21, 2025).

25.    Under this proposed schedule, the Debtors will be required to serve the Combined Hearing Notice (as defined below) by **no later than July 18, 2025**, thus providing 28 days' notice of the proposed Objection Deadline in accordance with Bankruptcy Rule 2002(b)(1) and (2).

26.    The Debtors request that the Court order that any Objection  must (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against the Debtors, (d) state with particularity the legal and factual basis for the Objection, and (e) be filed with the

Court and served so as to be **actually received** no later than the Objection Deadline by the

following parties (the "Notice Parties"):

    a.   Counsel for the Debtors: Hunton Andrews Kurth LLP, 951 E. Byrd Street, Richmond, VA 23219 (Justin F. Paget, jpaget@hunton.com and Jennifer E. Wuebker, jwuebker@hunton.com);

    b.   Counsel for the Prepetition Lender: Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2200, 150 West Flagler Street, Miami, FL 33130 (Patricia A. Redmond, predmond@stearnsweaver.com and jmartinez@stearnsweaver.com) and Garbett, Allen, Roza & Yates, P.A., Brickell City Tower, 80 S.W. Eighth Street, Suite 3100, Miami, FL 33130 (David S. Garbett, dgarbett@garlawfirm.com);

    c.   Counsel for the DIP Lender (if any);

    d.   The Office of the United States Trustee: 501 E. Polk Street, Suite 1200, Tampa, FL 33602 (Attn: Guy A. Van Baalen, guy.a.vanbaalen@usdoj.gov); and

    e.   Counsel for the Committee: Greenberg Traurig, LLP, 3333 Piedmont Road NE, Suite 2500, Atlanta, GA 30305 (John D. Elrod, elrodj@gtlaw.com and Allison J. McGregor, Allison.McGregor@gtlaw.com).

    27.    The Debtors submit that the proposed timing for filing and service of Objections,

if any, will afford the Debtors and other interested parties sufficient time to consider and amicably

resolve Objections (if any) in advance of the Combined Hearing, and provide the Debtors time to

respond, while balancing the need for the Debtors to expediently emerge from the chapter 11 cases.

## III.    ESTABLISHMENT OF VOTING RECORD DATE

    28.    Bankruptcy Rule 3018(a) provides that the "date the order approving the disclosure

statement is entered or on another date fixed by the court . . . for cause, after notice and a hearing"

is the record date for determining the "holders of stocks, bonds, debentures, notes and other

securities" entitled to receive ballots and materials necessary for voting on the plan as specified in

Bankruptcy Rule 3017(d).  Fed. R. Bankr. P. 3018(a).

29. The Debtors request that the Court fix July 7, 2025 as such date (the "Voting Record Date"). To avoid potential confusion, the Debtors believe that one record date should be established for all holders of Claims and Interests entitled to vote on the Plan.

## IV. SOLICITATION PROCEDURES ARE APPROPRIATE

### A. Duties of Balloting Agent

30. The Debtors have retained American Legal Claim Services LLC as their noticing and solicitation agent (the "Balloting Agent") to assist them with the solicitation and voting process. The Balloting Agent will assist the Debtors in, among other things, (a) mailing the Notice of Non-Voting Status and Opt-Out Form to Holders of Claims and Interests in the Non-Voting Classes (except Classes 6 and 7)[4] and any other non-voting parties entitled to notice, as applicable, (b) mailing a Solicitation Package to the Holder of the Claims in the Voting Class, (c) soliciting votes on the Plan, (d) receiving, tabulating, and reporting on the Ballot cast for or against the Plan, (e) responding to inquiries from creditors and stakeholders relating to the Plan, Disclosure Statement, Ballot, Notices of Non-Voting Status (including the Opt-Out Form), and matters related thereto, including, without limitation, the procedures and requirements for voting to accept or reject the Plan and objecting to the Plana and opting out of releases, and (f) if necessary, contacting creditors regarding the Plan and Ballot (collectively, the "Solicitation Procedures").

### B. Ballot

31. The Debtors request approval of the Ballot for voting on the Plan in substantially the form attached as **Exhibit 1** to the Solicitation Procedures Order. Bankruptcy Rule 3017(d)

---

[4]  With respect to Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests), the Debtors request a waiver of any requirement to serve a Notice of Non-Voting Status or any other bankruptcy notice on such Holders because such Claims and Interests are held by the Debtors or their affiliates (who are already each apprised of the proposed treatment and voting rights of their Interests under the Plan). As such, receipt of notice can be presumed without the necessity of actual delivery thereof.

requires the Debtors to mail a form of ballot, which substantially conforms to Official Form No. 314, to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Ballot is based on Official Form No. 314, but has been modified to address the circumstances of these chapter 11 cases and to include additional information that the Debtors believe to be relevant and appropriate for the Voting Class. The Ballot will be accompanied by a pre-addressed, postage prepaid return envelope addressed to the Balloting Agent.

   C. **Additional Notices**

   32. <u>Non-Voting Notice</u>. Under the Plan, the Non-Voting Classes are (a) deemed to reject the Plan or (b) are "unimpaired" as defined in the Bankruptcy Code and are conclusively presumed to accept the Plan. Classes of Claims or Interests that are deemed to reject or presumed to accept the Plan are not entitled to vote. Accordingly, the Non-Voting Classes will not receive Solicitation Packages. Rather, the Debtors will mail to the Non-Voting Classes (other than Classes 6 and 7) a notice, substantially in the form of **<u>Exhibit 2</u>** attached to the Solicitation Procedures Order (the "<u>Notice of Non-Voting Status</u>"), that gives (i) notice of the filing of the Plan, (ii) notice that such party has been classified in a Non-Voting Class, (iii) instructions regarding the Combined Hearing and how to obtain a copy of the Solicitation Package (other than the Ballot) free of charge, and (iv) detailed directions for filing an Objection.

   33. <u>Opt-Out Form</u>. The Plan proposes to provide certain third-party releases. The Debtors propose to mail to the Non-Voting Classes (other than Classes 6 and 7) a form, substantially in the form of **<u>Exhibit 3</u>** attached to the Solicitation Procedures Order (the "<u>Opt-Out Form</u>"), which will (a) provide the full text of the release, exculpation, and injunction provisions set forth in the Plan, (b) include a form by which Holders of Claims or Interests in the Non-Voting Classes could elect to opt out of the Consensual third-party releases contained in the Plan by

checking a prominently featured and clearly labeled box, and (c) enclose a return-addressed envelope to return the Opt-Out Form to the Balloting Agent.

34.    The Debtors do not intend to solicit votes from holders of Claims and Interests in the Non-Voting Classes.  As explained above, the Debtors will, however, send to the holders of Claims and Interests in the Non-Voting Classes the Non-Voting Status Notice and Opt-Out Form as well as the Confirmation Hearing Notice in lieu of the Solicitation Package.  The Debtors respectfully submit that the Non-Voting Status Notice and Opt-Out Form each comply with the Bankruptcy Code and, therefore, should be approved.

**D.    Content and Transmittal of Solicitation Package; Notice of Combined Hearing**

35.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to all impaired creditors and equity security holders following approval of a disclosure statement.  Pursuant to Bankruptcy Rule 3017(d), the Debtors propose to transmit or cause to be transmitted **no later than** July 18, 2025 (the "Solicitation Date"), subject to the limitations contained therein and elsewhere in this Motion, by United States mail, first-class postage prepaid, personal service, or overnight delivery, a solicitation package (the "Solicitation Package") containing a printed version, or other electronic means (such as a flash drive to save unnecessary costs),[5] as appropriate, of the following to the Holder of the Claims in the Voting Class that is eligible to vote on the Plan:

    a.    a notice of the Combined Hearing, the Objection Deadline, and the Voting Deadline in substantially the form attached as **Exhibit 4** to the Solicitation Procedures Order (the "Combined Hearing Notice"), which the Debtors request the Court approve;

    b.    the Disclosure Statement;

---

[5]    In the event the Debtors, in their discretion, employ a flash drive, only the Disclosure Statement (with all exhibits annexed thereto, including the Plan) and Solicitation Procedures Order (without exhibits attached) will be included thereon; the Combined Hearing Notice, Cover Letter, Ballot (with return envelope) will be distributed as part of the Solicitation Package in hard copy. Solicitation materials included on a flash drive will be available in hard copy upon request to the Balloting Agent, at no cost to the requesting party.

c.      the Plan (which may be furnished in the Solicitation Package as Exhibit 1 to the Disclosure Statement);

d.      the Solicitation Procedures Order, in its entered form (without exhibits attached);

e.      to the extent applicable, a Ballot and instructions, appropriate for the specific Holder, in substantially the form attached as **Exhibit 1** to the Solicitation Procedures Order.

36.      The Debtors will file the Plan Supplement **no later than August 8, 2025**.

37.      Notice of Combined Hearing.  The Debtors propose to serve the Combined Hearing Notice, substantially in the form attached as **Exhibit 4** to the Solicitation Procedures Order, by **no later than July 18, 2025**.  The Combined Hearing Notice sets forth, in part, (i) the date, time, and place of the Combined Hearing, (ii) instructions for obtaining copies of the Disclosure Statement and Plan, and (iii) the Objection Deadline and the procedures for filing Objections.  The Combined Hearing Notice will be served upon the Debtors' creditor matrix, all Holders of Claims and Interests as of the Voting Record Date, and any other party that has requested notice in the Chapter 11 Cases.  The Combined Hearing Notice will also be served on the Notice Parties.

**E.      No Transmittal Necessary**

38.      The Debtors propose that Solicitation Packages, individual solicitation materials, or other notices not be sent to creditors whose Claims are based solely on amounts scheduled by the Debtors but whose Claims already have been paid or satisfied in the full scheduled amount; *provided*, *however*, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such creditor will be sent a Solicitation Package in accordance with the procedures set forth above.  The Debtors request that they not be required to send Solicitation Packages, individual solicitation materials, or other notices to (a) any creditor who filed a Proof of Claim if the amount asserted in such Proof of Claim is less than or equal to the amount that has

already been paid, (b) any creditor on account of a clearly duplicative Claim, or (c) the Holder of a Claim that has been disallowed in its entirety by order of the Court.

39.     Because sending Solicitation Packages and other notices to outdated or otherwise improper addresses will result in needless expense, the Debtors request authority not to give notice or service of any kind upon any Person or Entity to whom the Debtors have mailed one or more prior notices in these chapter 11 cases and have had such notices returned by the United States Postal Service as undeliverable, unless the Debtors have been informed in writing by such Person or Entity of a new address and have successfully delivered prior notices to such new address.

40.     For purposes of serving the solicitation materials, the Debtors seek authorization to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors and provided by the Debtors to the Balloting Agent.  To that end, the Debtors seek the waiver of any obligation for the Debtors or the Balloting Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and request that the Debtors will not be required to resend Solicitation Packages or other materials, including Notices of Non-Voting Status, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

## V.     VOTING DEADLINE AND PROCEDURES FOR VOTE TABULATION

41.     Bankruptcy Rule 3017(c) requires the Court to fix a time within which holders of claims may vote to accept or reject the Plan.  The Debtors request that the Court set **August 14, 2025 at 4:30 p.m. (ET)** (the "Voting Deadline") as the last date and time by which: (1) Ballots accepting or rejecting the Plan must be **actually received** by the Balloting Agent to be counted, and (2) Opt-Out Forms must be **actually received** by the Balloting Agent.

## <u>NOTICE</u>

42.     The Debtors will serve notice of this Motion on (a) counsel to the Prepetition Lender; (b) the U.S. Trustee; (c) the Internal Revenue Service; (d) all known creditors holding secured claims against the Debtors' estates; (e) the Committee; (f) counsel to the Committee; and (g) all parties that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.

[*Remainder of page intentionally left blank*]

Dated: July 7, 2025
Fort Myers, Florida

Respectfully submitted,

/s/ *Jennifer E. Wuebker*

**HUNTON ANDREWS KURTH LLP**
Jamie Z. Isani (FL 728861)
333 SE 2nd Avenue, Suite 2400
Miami, Florida 33131
Telephone:     (305) 810-2500
Facsimile:     (305) 810-2460
Email:          jisani@hunton.com

*- and -*

Justin F. Paget (admitted *pro hac vice*)
Jennifer E. Wuebker (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:     (804) 788-8218
Email:          jpaget@hunton.com
                 jwuebker@hunton.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Landmark Holdings of Florida, LLC, | Case No. 2:25-bk-00397 |
| | Jointly Administered With |
| Landmark Management Services of Florida, LLC, | Case No. 2:25-bk-00398 |
| Landmark Rehabilitation Hospital of Columbia, LLC, | Case No. 2:25-bk-00399 |
| Landmark Hospital of Athens, LLC, | Case No. 2:25-bk-00400 |
| Landmark Hospital of Cape Girardeau, LLC, | Case No. 2:25-bk-00401 |
| Landmark Hospital of Columbia, LLC, | Case No. 2:25-bk-00402 |
| Landmark Hospital of Joplin, LLC, | Case No. 2:25-bk-00403 |
| Landmark Hospital of Savannah, LLC, | Case No. 2:25-bk-00404 |
| Debtors.[1] | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Landmark Holdings of Florida, LLC (1217); Landmark Management Services of Florida, LLC (7031); Landmark Rehabilitation Hospital of Columbia, LLC (5424); Landmark Hospital of Athens, LLC (2745); Landmark Hospital of Cape Girardeau, LLC (1155); Landmark Hospital of Columbia, LLC (5424); Landmark Hospital of Joplin, LLC (9493); and, Landmark Hospital of Savannah, LLC (8003).

**ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT, (II) SCHEDULING A COMBINED HEARING AND SETTING DEADLINES RELATED THERETO, (III) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN, (IV) APPROVING MANNER AND FORM OF NOTICE AND OTHER DOCUMENTS, AND (V) GRANTING RELATED RELIEF**

THIS CASE came on for consideration upon the emergency motion [Docket No. __]

(the "Motion")[2] of the Debtors for entry of an order (this "Order"):

    a.    conditionally approving the adequacy of the *Disclosure Statement for Joint Plan of Landmark Holdings of Florida, LLC and Its Debtor Affiliates* [Docket No. 222] (as may be amended, supplemented, or modified, the "Disclosure Statement");

    b.    scheduling a hearing (the "Combined Hearing") on August 21, 2025 at 10:00 a.m. (ET), or such other time as soon thereafter as counsel may be heard, to consider final approval of the Disclosure Statement and confirmation of the *Joint Plan of Landmark Holdings of Florida, LLC and Its Debtor Affiliates* [Docket No. 221] (as may be amended, supplemented, or modified, the "Plan");[3]

    c.    establishing the Objection Deadline (as defined below);

    d.    approving the form and manner of the notice of the Combined Hearing;

    e.    establishing the Voting Record Date and Voting Deadline (each as defined below) and the form and manner of the notice related thereto;

    f.    approving the Solicitation Procedures with respect to the Plan

    g.    approving the form of Ballot and Notice of Non-Voting Status with Opt-Out Form (each as defined below); and

    h.    granting related relief;

and the Court having reviewed the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter

---

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Motion.

[3]    Copies of the Disclosure Statement and the Plan have been filed contemporaneously with this Motion. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing, therefore:

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.     The Disclosure Statement is conditionally approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and the Debtors are authorized to distribute the Disclosure Statement and the Solicitation Packages in order to solicit votes on, and pursue confirmation of, the Plan.

2.     The Combined Hearing shall be on **August 21, 2025 at 10:00 a.m. (ET)**; *provided, however*, that the Combined Hearing may be continued from time to time by this Court or the Debtors without further notice to creditors or other parties in interest, other than an announcement at or before the Combined Hearing or any adjourned Combined Hearing or the filing of a notice providing for the adjournment on the docket of the chapter 11 cases.

3.     The deadline to file any objections to the adequacy of the Disclosure Statement or confirmation of the Plan (each an "Objection") shall be **August 15, 2025 at 4:30 p.m. (ET)** (the "Objection Deadline"), which deadline may be extended, without further order of the Court.

4.     Any Objection shall: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state the name of the objecting party and the amount and nature of the Claim or Interest held by such objecting party; (iv) state with particularity the legal and factual basis for the

3

objection; and (v) be filed with the Court and served so that it is **actually received** on or before the Objection Deadline, by the following parties (the "Notice Parties"):

a. Counsel for the Debtors: Hunton Andrews Kurth LLP, 951 E. Byrd Street, Richmond, VA 23219 (Justin F. Paget, jpaget@hunton.com and Jennifer E. Wuebker, jwuebker@hunton.com);

b. Counsel for the Prepetition Lender: Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2200, 150 West Flagler Street, Miami, FL 33130 (Patricia A. Redmond, predmond@stearnsweaver.com and jmartinez@stearnsweaver.com) and Garbett, Allen, Roza & Yates, P.A., Brickell City Tower, 80 S.W. Eighth Street, Suite 3100, Miami, FL 33130 (David S. Garbett, dgarbett@garlawfirm.com);

c. Counsel for the DIP Lender (if any);

d. The Office of the United States Trustee: 501 E. Polk Street, Suite 1200, Tampa, FL 33602 (Attn: Guy A. Van Baalen, guy.a.vanbaalen@usdoj.gov); and

e. Counsel for the Committee: Greenberg Traurig, LLP, 3333 Piedmont Road NE, Suite 2500, Atlanta, GA 30305 (John D. Elrod, elrodj@gtlaw.com and Allison J. McGregor, Allison.McGregor@gtlaw.com).

5. Any Objection that fails to comply with the requirements set forth in this Order may, subject to the Court's discretion, not be considered and may be overruled.

6. The deadline to file any brief in support of confirmation of the Plan and reply to any objections shall be **August 19, 2025 at 2:00 p.m. (ET)** (the "Reply Deadline").

7. Pursuant to Bankruptcy Rule 3017(d), **July 7, 2025**, shall be the record date (the "Voting Record Date") with respect to all Claims. The Debtors shall use the Voting Record Date to determine which Persons and Entities are entitled to, as applicable, receive Solicitation Packages, vote to accept or reject the Plan, and receive the Notice of Non-Voting Status.

8. The Balloting Agent shall assist the Debtors with (a) mailing the Notice of Non-Voting Status and Opt-Out Form to Holders of Claims and Interests in the Non-Voting Classes

(except Classes 6 and 7)[4] and any other non-voting parties entitled to notice, as applicable, (b) mailing a Solicitation Package to the Holder of the Claims in the Voting Class, (c) soliciting votes on the Plan, (d) receiving, tabulating, and reporting on the Ballot cast for or against the Plan, (e) responding to inquiries from creditors and stakeholders relating to the Plan, Disclosure Statement, Ballot, Notices of Non-Voting Status (including the Opt-Out Form), and matters related thereto, including, without limitation, the procedures and requirements for voting to accept or reject the Plan and objecting to the Plana and opting out of releases, and (f) if necessary, contacting creditors regarding the Plan and Ballot (collectively, the "Solicitation Procedures").

9.      The Notices and Ballot, including the Opt-Out Form, to be used in connection with the solicitation of votes on, and confirmation of, the Plan (as applicable) are hereby approved.

10.     The Debtors shall cause a Solicitation Package and Ballot to be transmitted to the Holder of the Claims in Class 3.

11.     Classes 1 and 2 are Unimpaired and the Holders of such Claims are conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code, and the Debtors are not required to solicit their vote with respect to such Claims.

12.     Classes 5 and 8 are Impaired and the Holders of such Claims or Interests are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, and the Debtors are not required to solicit their vote with respect to such Claims or Interests.

13.     Classes 6 and 7 are Impaired or Unimpaired and the Holders of such Claims or Interests are either deemed to reject the Plan or presumed to accept the Plan pursuant to section

---

[4]     With respect to Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests), the Debtors request a waiver of any requirement to serve a Notice of Non-Voting Status or any other bankruptcy notice on such Holders because such Claims and Interests are held by the Debtors or their affiliates (who are already each apprised of the proposed treatment and voting rights of their Interests under the Plan). As such, receipt of notice can be presumed without the necessity of actual delivery thereof.

1126(f) or 1126(g) of the Bankruptcy Code, and the Debtors are not required to solicit their vote with respect to such Claims or Interests.

14.     The Debtors shall not be obligated to deliver Solicitation Packages or Ballots to Holders of Claims or Interests in the Non-Voting Classes.  In accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the Holders of Claims and Interests in the Non-Voting Classes (except for Classes 6 and 7), a notice substantially in the form of **Exhibit 2** attached hereto (the "Notice of Non-Voting Status") in lieu of Solicitation Packages, along with a form to opt-out of certain releases, substantially in the form of **Exhibit 3** attached hereto (the "Opt-Out Form").

15.     Notwithstanding anything else to the contrary herein, only a copy of the Combined Hearing Notice (defined below) shall be distributed to Holders, as of the Voting Record Date, of Unclassified Claims as such Claims are specified in the Plan.

16.     The Debtors are authorized to transmit, or cause to be transmitted to the Holder of the Claims in the Voting Class, by **no later than July 18, 2025** (the "Solicitation Date"), by United States mail, first-class postage prepaid, personal service, or overnight delivery, a solicitation package (the "Solicitation Package") containing a printed version, or other electronic means (such as a flash drive to save unnecessary costs),[5] of the following to the Holder of the Claim in the Voting Class that is eligible to vote on the Plan:

    i.     a notice of the Combined Hearing, the Objection Deadline, and the Voting Deadline in substantially the form attached as **Exhibit 4** hereto (the "Combined Hearing Notice"), which the Debtors request the Court approve;

    j.     the Disclosure Statement;

---

[5]    In the event the Debtors, in their discretion, employ a flash drive, only the Disclosure Statement (with all exhibits annexed thereto, including the Plan) and Solicitation Procedures Order (without exhibits attached) shall be included thereon; the Combined Hearing Notice, Cover Letter, Ballot (with return envelope), and statutory committee letter(s), if any, shall be distributed as part of the Solicitation Package in hard copy. Solicitation materials included on a flash drive shall be made available in hard copy upon request to the Balloting Agent, at no cost to the requesting party.

k.    the Plan (which may be furnished in the Solicitation Package as Exhibit 1 to the Disclosure Statement);

l.    this Order (without exhibits attached);

m.    to the extent applicable, a Ballot and instructions, appropriate for the specific Holder, in substantially the form attached as **Exhibit 1** hereto.

17.    The Balloting Agent shall transmit a Solicitation Package (including a Ballot) to the Holder of the Class 3 Claims (the Prepetition Lender Secured Claims).

18.    The Debtors shall file the Plan Supplement with the Court **no later than August 8, 2025, which dates is seven (7) days prior to the Objection Deadline**, and which filing is without prejudice to the Debtors' rights to amend or supplement the Plan Supplement.

20.    The Debtors shall serve the Combined Hearing Notice on the Debtors' creditor matrix, all Holders of Claims and Interests as of the Voting Record Date, and any other party that has requested notice in these chapter 11 cases by no later than July 18, 2025.

21.    Ballots for accepting or rejecting the Plan and Opt-Out Forms exercising the opt out rights must be **actually received** by the Balloting Agent on or before **August 14, 2025 at 4:30 p.m. (ET)** (the "Voting Deadline") to be counted.

22.    The Debtors, in their discretion, and subject to contrary order of this Court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline.

23.    The service of the Solicitation Package, Notices, and other documents described herein in the time and manner set forth in this Order shall constitute adequate and sufficient notice of the Combined Hearing and the Objection Deadline and no other or further notice is necessary.

24.    The Debtors are not required to send Solicitation Packages, individual solicitation materials, or other Notices to (a) any creditor on account of a Claim that has already been paid in full, (b) any creditor on account of a clearly duplicative Claim, or (c) the Holder of a Claim that has been disallowed in full by order of the Court.

25.     With respect to addresses from which one or more prior notices served in these chapter 11 cases were returned as undeliverable or from which mailings made pursuant to this Order are returned as undeliverable, the Debtors are excused from distributing Notices and Solicitation Packages, as applicable, to those Persons or Entities listed at such addresses if the Debtors are not provided with an accurate address or forwarding address for such Persons or Entities before the Voting Record Date.   With respect to addresses from which Notices or Solicitation Packages are returned as undeliverable, the Debtors are excused from re-mailing such Notices or Solicitation Packages or any other materials related to voting or confirmation of Plan to those entities listed at such addresses, unless the Debtors are provided with accurate addresses for such entities before the Voting Record Date.   Failure to attempt to re-deliver Notices and Solicitation Packages, as applicable, to such Persons or Entities shall not constitute inadequate notice of the Combined Hearing or the Voting Deadline or a violation of Bankruptcy Rule 3017(d).

26.     The Balloting Agent shall retain a paper copy of the Ballot, if any are received, and all solicitation-related correspondence for one (1) year following the Effective Date of the Plan, whereupon, the Balloting Agent is authorized to destroy and/or otherwise dispose of the paper copy of the Ballot; printed solicitation materials including unused copies of the Solicitation Package (whether in hard copy or on USB flash drive); and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors, the Clerk of the Bankruptcy Court, or the Bankruptcy Court, in writing within such one (1) year period.

27.     The Debtors are authorized to make non-material changes to the Disclosure Statement, the Plan, the Ballot, the Combined Hearing Notice, the Notice of Non-Voting Status, the Opt-Out Form, and related documents and any other materials in the Solicitation Package without further order of this Court, including, without limitation, changes to correct typographical

and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, the Ballot, the Combined Hearing Notice, the Notice of Non-Voting Status, the Opt-Out Form, and related documents or other materials in the Solicitation Package before their distribution and publication, as applicable; *provided*, that a copy of any such changes shall be provided to the Notice Parties.

28.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective.

29.    The Debtors are authorized to take all action necessary to carry out this Order.

30.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Debtors' counsel is directed to serve a copy of this Order on the parties which were provided notice pursuant to the Motion and file a proof of service within three days of entry of this Order.

**Exhibit 1**

**Form of Class 3 Prepetition Lender Claims Ballot**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Landmark Holdings of Florida, LLC, | Case No. 2:25-bk-00397 |
| | Jointly Administered With |
| Landmark Management Services of Florida, LLC, | Case No. 2:25-bk-00398 |
| Landmark Rehabilitation Hospital of Columbia, LLC, | Case No. 2:25-bk-00399 |
| Landmark Hospital of Athens, LLC, | Case No. 2:25-bk-00400 |
| Landmark Hospital of Cape Girardeau, LLC, | Case No. 2:25-bk-00401 |
| Landmark Hospital of Columbia, LLC, | Case No. 2:25-bk-00402 |
| Landmark Hospital of Joplin, LLC, | Case No. 2:25-bk-00403 |
| Landmark Hospital of Savannah, LLC, | Case No. 2:25-bk-00404 |
| Debtors.[1] | |

**BALLOT TO ACCEPT OR REJECT THE DEBTORS' PLAN**

**Class 3: Prepetition Lender Secured Claim**

> **The voting deadline to accept or reject the Plan is 4:30 p.m. (ET), on August 14, 2025 (the "Voting Deadline"), unless extended by the Debtors**
>
> **Article VIII of the Plan contains release, exculpation and injunction provisions. These provisions are included in the Ballot. You are advised to**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Landmark Holdings of Florida, LLC (1217); Landmark Management Services of Florida, LLC (7031); Landmark Rehabilitation Hospital of Columbia, LLC (5424); Landmark Hospital of Athens, LLC (2745); Landmark Hospital of Cape Girardeau, LLC (1155); Landmark Hospital of Columbia, LLC (5424); Landmark Hospital of Joplin, LLC (9493); and, Landmark Hospital of Savannah, LLC (8003).

**review and consider the Plan carefully because your rights might be affected thereunder even if you abstain from voting.**

This ballot (the "Ballot") is provided to you to solicit your vote to accept or reject the *Joint Chapter 11 Plan For Landmark Holdings of Florida, LLC and Its Debtor Affiliates* [Docket No. 221] (as may be amended, supplemented, or modified from time to time, the "Plan") for Landmark Holdings of Florida, LLC and certain of its affiliates (together the "Debtors").[2]

Please use this Ballot to cast your vote to accept or reject the Plan if you are, as of July 7, 2025 (the "Voting Record Date"), a holder of a Prepetition Lender Secured Claim (a "Holder") against the Debtors.

The Plan is attached as **Exhibit A** to the *Disclosure Statement Accompanying Joint Chapter 11 Plan For Landmark Holdings of Florida, LLC and Its Debtor Affiliates* [Docket No. 222] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement"), which was included in the package (the "Solicitation Package") you received with this Ballot. The Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan. The recoveries described in the Disclosure Statement are subject to confirmation of the Plan. If you do not have the Solicitation Package, you may obtain a copy (a) from American Legal Claims Services, LLC (the "Balloting Agent") at no charge by: (i) visiting the Balloting Agent's website at https://www.americanlegal.com/Landmark, (ii) calling (904) 517-1444 or (iii) sending an email to Notice@americanlegalclaims.com with "**Landmark Solicitation Inquiry**" in the subject line and requesting a copy be provided to you; or (b) for a fee via PACER at https://www.flmb.uscourts.gov/. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek independent legal, financial or tax advice concerning the Plan and your classification and treatment under the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or a Ballot in the wrong amount, please contact the Balloting Agent **immediately** at the address, telephone number, or email address set forth below.

On March 9, 2025, the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) of the aggregate principal amount and more than one-half (1/2) in number of the Claims voted in each Voting Class, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code. **If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan.** To have your vote counted, you must complete, sign, and return this Ballot to the Balloting Agent by the Voting Deadline.

---

[2] Capitalized terms used in this Ballot or the attached instructions that are not defined herein have the meanings given to them in the Plan.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

> PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW.  PLEASE FILL IN ALL OF THE
> INFORMATION REQUESTED UNDER ITEM 3.  IF THIS BALLOT HAS NOT BEEN
> PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE
> VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Principal Amount of Claim**.  The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder (or authorized signatory of such Holder) of a Prepetition Lender Secured Claim in the aggregate unpaid **principal** amount inserted into the box below, without regard to any accrued but unpaid interest.



**Item 2.  Votes on Plan**.  Please vote below either to accept or to reject the Plan with respect to your Claim in Class 3.  Any Ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the Plan.

**Vote of Holder of Prepetition Secured Lender Claim on the Plan**.  The undersigned Holder of a Class 3 Prepetition Secured Lenders Claim votes to (check one box):

□ **Accept** the Plan        □ **Reject** the Plan

THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION
PROVISIONS IN THE PLAN**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THE FOLLOWING:

*Defined Terms*

"**Exculpated Parties**" means (a) the Debtors; (b) the Reorganized Debtors; (c) the Committee; (d) the Patient Care Ombudsman; and (e) with respect to each of the forgoing Entities in clauses (a), (b), (c), and (d) each Related Party of such Entity.

"**Patient Care Ombudsman**" means the ombudsman appointed in the Chapter 11 Cases pursuant to section 333 of the Bankruptcy Code and the Bankruptcy Court's Order Directing the United States Trustee to Appoint a Patient Care Ombudsman [Docket No. 61].

"**Related Party**" means, each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, equity holders (regardless of whether such equity interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of any Person), accountants, investment bankers, representatives, and other professionals and advisors, and any such Person's respective successors, assigns, heirs, executors, estates, and nominees.

"**Released Parties**" means, in its capacity as such, each of: (i) each Debtor; (ii) each Reorganized Debtor, if any; (iii) the DIP Lender; (iv) the Prepetition Lender; (v) the Plan Sponsor, if any; (vi) the Committee and each member of the Committee; (vii) each Releasing Party; (viii) each Successful Bidder, if any; (ix) the Plan Administrator, if any; (x) the Patient Care Ombudsman; and (xi) each current and former Affiliate of each Entity in clause (i) through (x).

"**Releasing Party**" means, in its capacity as such, each of (i) each Debtor; (ii) each Reorganized Debtor, if any, (iii) the DIP Lender; (iv) the Prepetition Lender; (v) the Committee and each member of the Committee; (vi) the Plan Sponsor, if any; (vii) each Successful Bidder, if any; (viii) the Plan Administrator, if any; (ix) all holders of Claims or Interests that (A) vote to accept the Plan; (B) are presumed to accept the Plan and do not affirmatively opt-out of the releases provided in the Plan; or (C) vote to reject the Plan or are deemed to reject the Plan and do not affirmatively opt-out of the releases provided in the Plan; (x) the Patient Care Ombudsman; (xi) each current and former Affiliate of each Entity in clause (i) through (x); provided that an Entity in clause (i) through (x) shall not be a Releasing Party if it (A) elects to opt-out of the releases provided in the Plan by timely submitting the "Opt-Out Form" or (B) timely objects to the releases provided in the Plan and such objection is not resolved before Confirmation.

### *Article VIII.1(b) Debtors' Release*

**Notwithstanding anything in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released by each of the Debtors, their respective Estates, and any Person seeking to exercise the rights of any of the Debtors or their Estates (including any successors to any of the Debtors or their Estates or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code), in each case, on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Persons who may purport to assert any Cause of Action, derivatively, by, through, for, or because of any of the foregoing Persons, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort or otherwise, that any of the Debtors, their Estates, the Reorganized Debtors or Wind-Down Debtor(s), as applicable, or any successors to or representatives of the foregoing appointed or selected pursuant to**

4

section 1123(b)(3) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or that any holder of any Claim against or any Interest in, any of the Debtors could have asserted on behalf of any of the Debtors or their Estates, based on, relating to, or in any manner arising from, in whole or in part: any of the Debtors (including the capital structure, management, ownership, or operations thereof); any Security of any of the Debtors; the subject matter of, or the transactions or events giving rise to, any Claim, Cause of Action or Interest; the business or contractual arrangements between any Debtor and a Released Party; any of the Debtors' restructuring efforts; any Avoidance Actions held by any of the Debtors or their Estates; any intercompany transactions performed by any of the Debtors; the Debtors' Chapter 11 Cases (including the Filing thereof and any relief obtained by the Debtors therein); the formulation, preparation, dissemination, negotiation, or Filing of the Plan, the Plan Supplement, the DIP Facility, the Disclosure Statement, or the Bidding Procedures Order (and the procedures approved thereby); any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Person regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order with respect to the Plan in lieu of such legal opinion) created or entered into in connection with the Plan or the Bidding Procedures Order; the solicitation of votes on the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the implementation of the Plan, including the issuance or revesting of equity or any other property pursuant to the Plan; or any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date other than Claims and liabilities resulting therefrom arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, in each case, solely to the extent determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date Claims or obligations of any Person under the Plan, the Confirmation Order with respect to the Plan, any Restructuring Transaction, any Definitive Document, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

### *Article VIII.1(c) Patient Care Ombudsman Release*

Neither the Patient Care Ombudsman nor any Professional retained by the Patient Care Ombudsman shall have any liability with respect to any act, omission, statement, or representation arising out of, relating to, or involving, in any way, the Patient Care Ombudsman's evaluations, reports, pleadings, or other writings filed by or on behalf of the Patient Care Ombudsman in or in connection with the Chapter 11 Cases other than acts or omissions involving or arising out of gross negligence, willful misconduct, attorney malpractice, or a violation of applicable disciplinary or ethical rules. This provision shall be valid only to the extent it complies with any applicable rules of professional conduct.

### *Article VIII.1(d) Holders' of Claims and Interests Release*

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of

which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part: any of the Debtors (including the capital structure, management, ownership, or operation thereof); any security of any of the Debtors or any of the Reorganized Debtors; the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan; the business or contractual arrangements between any Debtor and any Released Party; the assertion or enforcement of rights and remedies against any of the Debtors; the Debtors' in- or out-of-court restructuring efforts; any Avoidance Actions held by any of the Debtor(s) or their Estates; intercompany transactions between or among a Debtor and another Debtor; the Chapter 11 Cases; the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Bidding Procedures Order, the Plan, or the Plan Supplement; any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the DIP Facility, the Disclosure Statement, the Bidding Procedures Order, the Plan, or the Plan Supplement; the Filing of the Debtors' Chapter 11 Cases; the Disclosure Statement, the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or revesting of equity pursuant to the Plan, the distribution of property under the Plan or any other related agreement, or any cancellation of debt income realized in connection with the Plan; or upon any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, other than Claims and liabilities resulting therefrom arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any party of any obligations related to customary banking products, banking services or other financial accommodations (except as may be expressly amended or modified by the Plan or any other financing document under and as defined therein) or (ii) any post-Effective Date obligations of any Person under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, the Asset Purchase Agreement(s), if any, or any Claim or obligation arising under the Plan.

### *Article VIII.1(e) Exculpation*

Except as otherwise specifically provided in the Plan or the Confirmation Order with respect to the Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claims and Causes of Action related to any act or omission occurring between and including the Petition Date and the Effective Date in connection with, relating to, or arising out of: the Debtors' Chapter 11 Cases (including the Filing thereof); the formulation, preparation, dissemination, negotiation, Filing, or termination of the Plan, the

Disclosure Statement, the Bidding Procedures Order, the DIP Facility, the Plan Sponsor Term Sheet, or any contract, instrument, release or other agreement or document created or entered into in connection with the Debtors' Chapter 11 Cases, whether or not included in the Plan Supplement or constituting a Definitive Document; the Restructuring Transactions contemplated by the Plan and any prepetition transactions relating to any of the foregoing; the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or revesting of New Membership Interests pursuant to the Plan, or the distribution of property under the Plan; any Asset Purchase Agreement(s); or any other related act or omission, transaction, event, or other occurrence taking place on or before or in connection with the Effective Date, except for Claims and liabilities resulting therefrom related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by an Exculpated Party.

The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan in all respects.

### _Article VIII.1(f) Permanent Injunction_

Except as otherwise expressly provided in the Plan or the Confirmation Order with respect to the Plan, all Persons who have held, hold, or may hold any Claims or Causes of Action against, or Interests in, any of the Debtors that have been released, discharged, or are subject to release or exculpation hereunder are permanently enjoined, from and after the Effective Date, from taking any of the following actions against any of the Debtors, the Reorganized Debtors, the Wind-Down Debtor(s), as applicable, or any of the other Exculpated Parties or any of the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with any such Claim, Cause of Action or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against any of the Exculpated Parties or Released Parties on account of or in connection with any such Claim, Cause of Action or Interest; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against any of the Exculpated Parties, Released Parties or their property on account of or in connection with or with respect to any such Claim, Cause of Action or Interest; and (4) asserting any right of setoff or subrogation against any obligation due from any of the Exculpated Parties, Released Parties or against their property on account of or in connection with any such Claim, Cause of Action or Interest unless, with respect to setoff, such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date or Filed a Proof of Claim that asserts or preserves any such right, and until such motion has been granted or the Filed Proof of Claim is Allowed.

Upon entry of the Confirmation Order with respect to the Plan, all holders of Claims and Causes of Action against, and Interests in, any of the Debtors and their respective Related Parties shall be enjoined from taking any actions to interfere with the implementation of the Plan or any Restructuring Transaction (if applicable).

**Item 3.**  Acknowledgments.  By signing this Ballot, the Holder (or authorized signatory of such Holder) acknowledges receipt of the Plan, the Disclosure Statement, and the other applicable solicitation materials, and certifies that

(i)     it has the power and authority to vote to accept or reject the Plan;

(ii)    it was the Holder (or is entitled to vote on behalf of such Holder) of the Claims described in Item 1 as of the Voting Record Date;

(iii)   it has cast the same vote with respect to all of its Claims in the same Class as the Claims described in Item 1;

(iv)    no other Ballots with respect to the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked;

(v)     all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

(vi)    the undersigned understands that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

_____
Name of Holder

_____
Signature

_____
Name of Signatory and Title

_____
Name of Institution (if different than Holder)

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

8

_____

E-mail Address

_____

Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE)** *PROMPTLY* **VIA FIRST CLASS
MAIL (OR IN THE ENCLOSED REPLY ENVELOPE PROVIDED), OVERNIGHT
COURIER, OR HAND DELIVERY TO:**

---

**Regular Mail:**

**American Legal Claims Services, LLC
Re: Landmark Holdings of Florida, LLC, et al.
Attn: Balloting
P.O. Box 23650
Jacksonville, Florida 32241**

**Overnight Mail:**

**American Legal Claims Services, LLC
Re: Landmark Holdings of Florida, LLC, et al.
Attn: Balloting
8011 Philips Highway, STE 5
Jacksonville, Florida 32241**

---

IF THE BALLOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT **ON OR BEFORE** <u>**AUGUST 14, 2025**</u>, **AT 4:30 P.M.**, (ET), (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

---

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE BALLOTING AGENT BY CALLING (904) 517-1444 OR SENDING AN EMAIL TO NOTICE@AMERICAN LEGALCLAIMS.COM WITH "**LANDMARK SOLICITATION INQUIRY**" IN THE SUBJECT LINE.

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.      Complete the Ballot by providing all of the information requested.  Any Ballot that is illegible, contains insufficient information to identify the Holder, does not contain an original signature, or is unsigned will not be counted.  You may return the Ballot by either of the following method:

<u>**Use of Hard Copy Ballot.**</u>  To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot in the enclosed pre-addressed, pre- paid envelope or via first class mail, overnight courier, or hand delivery to the following address:

> **Regular Mail:**
>
> **American Legal Claims Services, LLC**
> **Re: Landmark Holdings of Florida, LLC,** *et al.*
> **Attn: Balloting**
> **P.O. Box 23650**
> **Jacksonville, Florida 32241**
>
> **Overnight Mail:**
>
> **American Legal Claims Services, LLC**
> **Re: Landmark Holdings of Florida, LLC,** *et al.*
> **Attn: Balloting**
> **8011 Philips Highway, STE 5**
> **Jacksonville, Florida 32241**

2.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

3.     You must vote all your Class 3 Prepetition Lender Secured Claim under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Class 3 Prepetition Lenders Secured Claims in a different manner than one another and you do not correct this before the Voting Deadline, none of your Class 3 Ballots will be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan will likewise not be counted.

4.     The Ballot does not constitute, and shall not be deemed to be, a proof of claim or interest or an assertion or admission of a Claim or Interest.

5.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

6.     If you cast more than one Ballot voting the same Claim before the Voting Deadline, the last received, properly executed Ballot submitted to the Balloting Agent will supersede and revoke any prior Ballot, provided that, if a Holder timely submits a both a paper Ballot and electronic Ballot on account of the same Claim, the electronic Ballot shall supersede the paper Ballot.

7.     If a Holder holds a Claim in a Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder has a Claim in that Class.

8.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Holder in a particular Class will be aggregated and treated as if such Holder held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Holder held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

9.    In the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

10.   There may be changes made to the Plan that do not cause material adverse effects on an accepting Class.  If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan.

11.   NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

12.   PLEASE RETURN YOUR BALLOT PROMPTLY TO THE BALLOTING AGENT IN THE ENVELOPE PROVIDED.

13.   IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE BALLOTING AGENT AT BY CALLING (904) 517-1444 OR SENDING AN EMAIL TO NOTICE@AMERICAN      LEGALCLAIMS.COM    WITH    **"LANDMARK SOLICITATION INQUIRY"** IN THE SUBJECT LINE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

14.   THE BALLOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE.

## Exhibit 2

**Notice of Non-Voting Status**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Landmark Holdings of Florida, LLC, | Case No. 2:25-bk-00397 |
| | Jointly Administered With |
| Landmark Management Services of Florida, LLC, | Case No. 2:25-bk-00398 |
| Landmark Rehabilitation Hospital of Columbia, LLC, | Case No. 2:25-bk-00399 |
| Landmark Hospital of Athens, LLC, | Case No. 2:25-bk-00400 |
| Landmark Hospital of Cape Girardeau, LLC, | Case No. 2:25-bk-00401 |
| Landmark Hospital of Columbia, LLC, | Case No. 2:25-bk-00402 |
| Landmark Hospital of Joplin, LLC, | Case No. 2:25-bk-00403 |
| Landmark Hospital of Savannah, LLC, | Case No. 2:25-bk-00404 |
| Debtors.[1] | |

**NOTICE OF NON-VOTING STATUS TO**
**HOLDERS OF CLAIMS AND INTERESTS IN NON-VOTING CLASSES**

> **You are receiving this notice because your rights may be affected under the Plan.**
>
> **Due to the nature and treatment of your Claim or Interest under the Plan, you are not entitled to vote on the Plan.**
>
> **You should review this notice carefully and may wish to consult legal counsel as your rights may be affected.**

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Landmark Holdings of Florida, LLC (1217); Landmark Management Services of Florida, LLC (7031); Landmark Rehabilitation Hospital of Columbia, LLC (5424); Landmark Hospital of Athens, LLC (2745); Landmark Hospital of Cape Girardeau, LLC (1155); Landmark Hospital of Columbia, LLC (5424); Landmark Hospital of Joplin, LLC (9493); and, Landmark Hospital of Savannah, LLC (8003).

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On March 9, 2025, Landmark Hospital of Florida, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Court").

The Debtors have commenced solicitation of votes to accept *Joint Chapter 11 Plan For Landmark Holdings of Florida, LLC and Its Debtor Affiliates* [Docket No. 221] (as may be amended, supplemented, or modified from time to time, the "Plan"), as set forth in the *Disclosure Statement Accompanying Joint Chapter 11 Plan For Landmark Holdings of Florida, LLC and Its Affiliates* [Docket No. 222] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement").[2] On July [__], 2025, the Court entered an order [Docket No. __] (the "Solicitation Procedures Order") approving the Disclosure Statement on a conditional basis and solicitation procedures for voting on the Plan.

You may obtain copies of the Plan, Disclosure Statement, and Solicitation Procedures Order from American Legal Claims Services, LLC (the "Balloting Agent") at no charge by: (i) visiting the Balloting Agent's website at https://www.americanlegal.com/Landmark, (ii) calling (904) 517-1444 or (iii) sending an email to Notice@americanlegalclaims.com with "**Landmark Solicitation Inquiry**" in the subject line and requesting a copy be provided to you; or (b) for a fee via PACER at https://www.flmb.uscourts.gov/.

**You are receiving this notice because you are or may be a Holder of a Claim against or Interest in one or more of the Debtors that is not entitled to vote on the Plan**. Specifically, Holders of certain unclassified Claims (such as Administrative Claims, DIP Claims, and Priority Tax Claims) along with Holders of Claims and Interests in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 4 (General Unsecured Claims), Class 5 (Subordinated Claims), Class 6 (Intercompany Claims), Class 7 (Intercompany Interests), and Class 8 (Equity Interests), are either unimpaired and presumed to accept the Plan or impaired and deemed to reject the Plan and are not entitled to vote.

1.      A hearing (the "Combined Hearing") to consider final approval of the Disclosure Statement and confirmation of the Plan will be held before the Honorable Caryl E. Delano, Chief United States Bankruptcy Judge, in Courtroom 9A of the United States Bankruptcy Court for the Middle District of Florida, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 **on August 21, 2025, at [__:00 a.m./p.m.] (ET)**.  Unless otherwise notified, Judge Delano will conduct the Combined Hearing from Tampa Courtroom 9A.  Parties may attend the hearing by video or telephone via zoom.  UNLESS INSTRUCTED OTHERWISE, PARTIES MAY NOT APPEAR IN PERSON AT THE FORT MYERS COURTHOUSE.  Parties are directed to consult Judge Delano's *Procedures Governing Court Appearances* regarding policies and procedures for attendance at hearings by video or telephone via Zoom, available at https://www.flmb.uscourts.gov/judges/delano.  If you are unable to access the Court's website,

---

[2]  Capitalized terms used but not defined herein have the meanings given to them in the Plan.

please contact the Courtroom Deputy at (813) 301-5195 no later than 3:00 p.m. one business day before the date of the Combined Hearing.

The Combined Hearing may be continued from time to time without further notice other than the announcement by the Court in open court of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice filed with the Bankruptcy Court. The Plan may be amended, supplemented, or modified from time to time, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, before, during, or as a result of the Combined Hearing, without further notice to creditors or other parties in interest.

Any objection to the Disclosure Statement or confirmation of the Plan must: (a) be made in writing, (b) conform to the Bankruptcy Rules and the Local Rules (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual basis for the objection, and (e) be filed with the Court and served so as to be **actually received** no later than **August 15, 2025 at 4:30 p.m. (ET)** (the "Objection Deadline") by the parties listed below (the "Notice Parties").

**OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

a. Counsel for the Debtors: Hunton Andrews Kurth LLP, 951 E. Byrd Street, Richmond, VA 23219 (Justin F. Paget, jpaget@hunton.com and Jennifer E. Wuebker, jwuebker@hunton.com);

b. Counsel for the Prepetition Lender: Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2200, 150 West Flagler Street, Miami, FL 33130 (Patricia A. Redmond, predmond@stearnsweaver.com and jmartinez@stearnsweaver.com) and Garbett, Allen, Roza & Yates, P.A., Brickell City Tower, 80 S.W. Eighth Street, Suite 3100, Miami, FL 33130 (David S. Garbett, dgarbett@garlawfirm.com);

c. Counsel for the DIP Lender (if any):

d. The Office of the United States Trustee: 501 E. Polk Street, Suite 1200, Tampa, FL 33602 (Attn: Guy A. Van Baalen, guy.a.vanbaalen@usdoj.gov); and

e. Counsel for the Committee: Greenberg Traurig, LLP, 3333 Piedmont Road NE, Suite 2500, Atlanta, GA 30305 (John D. Elrod, elrodj@gtlaw.com and Allison J. McGregor, Allison.McGregor@gtlaw.com).

---

If you have questions about this Notice of Non-Voting Status, please contact:

**American Legal Claims Services, LLC**
**Telephone**: (904) 517-1444
**Email**: Notice@americanlegalclaims.com (with "Landmark" in the subject line)

---

**Please note that American Legal Claims Services, LLC <u>cannot</u> provide you with legal or financial advice.**

**You are strongly encouraged to review the terms of the Disclosure Statement and the Plan and to consult with your legal and financial advisors regarding your rights.**

<u>**Schedule A**</u>

**PLAN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS**

*Defined Terms*

"**<u>Exculpated Parties</u>**" means (a) the Debtors; (b) the Reorganized Debtors; (c) the Committee; (d) the Patient Care Ombudsman; and (e) with respect to each of the forgoing Entities in clauses (a), (b), (c), and (d) each Related Party of such Entity.

"**<u>Patient Care Ombudsman</u>**" means the ombudsman appointed in the Chapter 11 Cases pursuant to section 333 of the Bankruptcy Code and the Bankruptcy Court's Order Directing the United States Trustee to Appoint a Patient Care Ombudsman [Docket No. 61].

"**<u>Related Party</u>**" means, each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, equity holders (regardless of whether such equity interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of any Person), accountants, investment bankers, representatives, and other professionals and advisors, and any such Person's respective successors, assigns, heirs, executors, estates, and nominees.

"**<u>Released Parties</u>**" means, in its capacity as such, each of: (i) each Debtor; (ii) each Reorganized Debtor, if any; (iii) the DIP Lender; (iv) the Prepetition Lender; (v) the Plan Sponsor, if any; (vi) the Committee and each member of the Committee; (vii) each Releasing Party; (viii) each Successful Bidder, if any; (ix) the Plan Administrator, if any; (x) the Patient Care Ombudsman; and (xi) each current and former Affiliate of each Entity in clause (i) through (x).

"**<u>Releasing Party</u>**" means, in its capacity as such, each of (i) each Debtor; (ii) each Reorganized Debtor, if any, (iii) the DIP Lender; (iv) the Prepetition Lender; (v) the Committee and each member of the Committee; (vi) the Plan Sponsor, if any; (vii) each Successful Bidder, if any; (viii) the Plan Administrator, if any; (ix) all holders of Claims or Interests that (A) vote to accept the Plan; (B) are presumed to accept the Plan and do not affirmatively opt-out of the releases provided in the Plan; or (C) vote to reject the Plan or are deemed to reject the Plan and do not affirmatively opt-out of the releases provided in the Plan; (x) the Patient Care Ombudsman; (xi) each current and former Affiliate of each Entity in clause (i) through (x); <u>provided that</u> an Entity in clause (i) through (x) shall not be a Releasing Party if it (A) elects to opt-out of the releases provided in the Plan by timely submitting the "Opt-Out Form" or (B) timely objects to the releases provided in the Plan and such objection is not resolved before Confirmation.

<u>*Article VIII.1(b) Debtors' Release*</u>

        **Notwithstanding anything in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of**

which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released by each of the Debtors, their respective Estates, and any Person seeking to exercise the rights of any of the Debtors or their Estates (including any successors to any of the Debtors or their Estates or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code), in each case, on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Persons who may purport to assert any Cause of Action, derivatively, by, through, for, or because of any of the foregoing Persons, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort or otherwise, that any of the Debtors, their Estates, the Reorganized Debtors or Wind-Down Debtor(s), as applicable, or any successors to or representatives of the foregoing appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or that any holder of any Claim against or any Interest in, any of the Debtors could have asserted on behalf of any of the Debtors or their Estates, based on, relating to, or in any manner arising from, in whole or in part: any of the Debtors (including the capital structure, management, ownership, or operations thereof); any Security of any of the Debtors; the subject matter of, or the transactions or events giving rise to, any Claim, Cause of Action or Interest; the business or contractual arrangements between any Debtor and a Released Party; any of the Debtors' restructuring efforts; any Avoidance Actions held by any of the Debtors or their Estates; any intercompany transactions performed by any of the Debtors; the Debtors' Chapter 11 Cases (including the Filing thereof and any relief obtained by the Debtors therein); the formulation, preparation, dissemination, negotiation, or Filing of the Plan, the Plan Supplement, the DIP Facility, the Disclosure Statement, or the Bidding Procedures Order (and the procedures approved thereby); any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Person regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order with respect to the Plan in lieu of such legal opinion) created or entered into in connection with the Plan or the Bidding Procedures Order; the solicitation of votes on the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the implementation of the Plan, including the issuance or revesting of equity or any other property pursuant to the Plan; or any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date other than Claims and liabilities resulting therefrom arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, in each case, solely to the extent determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date Claims or obligations of any Person under the Plan, the Confirmation Order with respect to the Plan, any Restructuring Transaction, any Definitive Document, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

*__Article VIII.1(c) Patient Care Ombudsman Release__*

Neither the Patient Care Ombudsman nor any Professional retained by the Patient Care Ombudsman shall have any liability with respect to any act, omission, statement, or representation arising out of, relating to, or involving, in any way, the Patient Care Ombudsman's evaluations, reports, pleadings, or other writings filed by or on behalf of the Patient Care Ombudsman in or in connection with the Chapter 11 Cases other than acts or omissions involving or arising out of gross negligence, willful misconduct, attorney malpractice, or a violation of applicable disciplinary or ethical rules. This provision shall be valid only to the extent it complies with any applicable rules of professional conduct.

### *Article VIII.1(d) Holders' of Claims and Interests Release*

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part: any of the Debtors (including the capital structure, management, ownership, or operation thereof); any security of any of the Debtors or any of the Reorganized Debtors; the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan; the business or contractual arrangements between any Debtor and any Released Party; the assertion or enforcement of rights and remedies against any of the Debtors; the Debtors' in- or out-of-court restructuring efforts; any Avoidance Actions held by any of the Debtor(s) or their Estates; intercompany transactions between or among a Debtor and another Debtor; the Chapter 11 Cases; the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Bidding Procedures Order, the Plan, or the Plan Supplement; any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the DIP Facility, the Disclosure Statement, the Bidding Procedures Order, the Plan, or the Plan Supplement; the Filing of the Debtors' Chapter 11 Cases; the Disclosure Statement, the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or revesting of equity pursuant to the Plan, the distribution of property under the Plan or any other related agreement, or any cancellation of debt income realized in connection with the Plan; or upon any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, other than Claims and liabilities resulting therefrom arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any party of any obligations related to customary banking products, banking services or other financial accommodations (except as may be expressly amended or modified by the Plan or any other financing document under and as defined therein) or (ii) any post-Effective Date obligations of any Person under the

Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, the Asset Purchase Agreement(s), if any, or any Claim or obligation arising under the Plan.

### *Article VIII.1(e) Exculpation*

Except as otherwise specifically provided in the Plan or the Confirmation Order with respect to the Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claims and Causes of Action related to any act or omission occurring between and including the Petition Date and the Effective Date in connection with, relating to, or arising out of: the Debtors' Chapter 11 Cases (including the Filing thereof); the formulation, preparation, dissemination, negotiation, Filing, or termination of the Plan, the Disclosure Statement, the Bidding Procedures Order, the DIP Facility, the Plan Sponsor Term Sheet, or any contract, instrument, release or other agreement or document created or entered into in connection with the Debtors' Chapter 11 Cases, whether or not included in the Plan Supplement or constituting a Definitive Document; the Restructuring Transactions contemplated by the Plan and any prepetition transactions relating to any of the foregoing; the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or revesting of New Membership Interests pursuant to the Plan, or the distribution of property under the Plan; any Asset Purchase Agreement(s); or any other related act or omission, transaction, event, or other occurrence taking place on or before or in connection with the Effective Date, except for Claims and liabilities resulting therefrom related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by an Exculpated Party.

The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan in all respects.

### *Article VIII.1(f) Permanent Injunction*

Except as otherwise expressly provided in the Plan or the Confirmation Order with respect to the Plan, all Persons who have held, hold, or may hold any Claims or Causes of Action against, or Interests in, any of the Debtors that have been released, discharged, or are subject to release or exculpation hereunder are permanently enjoined, from and after the Effective Date, from taking any of the following actions against any of the Debtors, the Reorganized Debtors, the Wind-Down Debtor(s), as applicable, or any of the other Exculpated Parties or any of the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with any such Claim, Cause of Action or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against any of the Exculpated Parties or Released Parties on account of or in connection with any such Claim, Cause of Action or Interest; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against any of the Exculpated Parties, Released Parties or their property on account of or in connection with or with respect to any such Claim, Cause of Action or Interest; and (4) asserting any right of setoff or subrogation against any obligation due from any of the Exculpated Parties, Released Parties or against their property on account of or in

connection with any such Claim, Cause of Action or Interest unless, with respect to setoff, such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date or Filed a Proof of Claim that asserts or preserves any such right, and until such motion has been granted or the Filed Proof of Claim is Allowed.

Upon entry of the Confirmation Order with respect to the Plan, all holders of Claims and Causes of Action against, and Interests in, any of the Debtors and their respective Related Parties shall be enjoined from taking any actions to interfere with the implementation of the Plan or any Restructuring Transaction (if applicable).

**Exhibit 3**

**Opt-Out Form**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Landmark Holdings of Florida, LLC, | Case No. 2:25-bk-00397 |
| | Jointly Administered With |
| Landmark Management Services of Florida, LLC, | Case No. 2:25-bk-00398 |
| Landmark Rehabilitation Hospital of Columbia, LLC, | Case No. 2:25-bk-00399 |
| Landmark Hospital of Athens, LLC, | Case No. 2:25-bk-00400 |
| Landmark Hospital of Cape Girardeau, LLC, | Case No. 2:25-bk-00401 |
| Landmark Hospital of Columbia, LLC, | Case No. 2:25-bk-00402 |
| Landmark Hospital of Joplin, LLC, | Case No. 2:25-bk-00403 |
| Landmark Hospital of Savannah, LLC, | Case No. 2:25-bk-00404 |
| Debtors.[1] | |

## RELEASE OPT-OUT FORM

You are receiving this opt out form (the "Opt-Out Form") because you may be a holder of a Claim or Interest that is not entitled to vote on the Debtors' *Joint Chapter 11 Plan For Landmark Holdings of Florida, LLC and Its Debtor Affiliates* [Docket No. 221] (as may be amended, supplemented, or modified from time to time, the "Plan"). Holders of Claims or Interests are deemed to grant the releases set forth in Article VIII of the plan and reproduced in the Notice of Non-Voting Status to Holders of Claims and Interests in Non-Voting Classes, unless a holder affirmatively opts out of the releases or timely objects to the releases on or before **August 15, 2025, at 4:30 p.m. (ET)**, and such objection is not resolved before confirmation.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Landmark Holdings of Florida, LLC (1217); Landmark Management Services of Florida, LLC (7031); Landmark Rehabilitation Hospital of Columbia, LLC (5424); Landmark Hospital of Athens, LLC (2745); Landmark Hospital of Cape Girardeau, LLC (1155); Landmark Hospital of Columbia, LLC (5424); Landmark Hospital of Joplin, LLC (9493); and, Landmark Hospital of Savannah, LLC (8003).

If you believe you are a holder of a Claim or Interest with respect to Landmark Holdings of Florida, LLC, or its Debtor affiliates, and choose to opt out of the releases set forth in Article VIII of the Plan, you may submit your election to opt out by submitting a completed and signed Opt-Out Form via (1) regular mail at American Legal Claims Services, LLC, Re: Landmark Holdings of Florida, et al., Attn: Balloting, P.O. Box 23650, Jacksonville, Florida 32241, (2) overnight mail at American Legal Claims Services, LLC, Re: Landmark Holdings of Florida, et al., Attn: Balloting, 8011 Philips Highway, STE 5, Jacksonville, Florida 32241, or (3) in the enclosed reply envelope provided so that the Balloting Agent actually receives such form prior to the Voting Deadline.

---

**<u>RETURN INSTRUCTIONS</u>**

**Regular Mail:**

**American Legal Claims Services, LLC**
**Re: Landmark Holdings of Florida, LLC, et al.**
**Attn: Balloting**
**P.O. Box 23650**
**Jacksonville, Florida 32241**

**Overnight Mail:**

**American Legal Claims Services, LLC**
**Re: Landmark Holdings of Florida, LLC, et al.**
**Attn: Balloting**
**8011 Philips Highway, STE 5**
**Jacksonville, Florida 32241**

---

## Opt-Out Form

You must clearly sign and return this Opt-Out Form via (1) regular mail at American Legal Claims Services, LLC, Re: Landmark Holdings of Florida, et al., Attn: Balloting, P.O. Box 23650, Jacksonville, Florida 32241, (2) overnight mail at American Legal Claims Services, LLC, Re: Landmark Holdings of Florida, et al., Attn: Balloting, 8011 Philips Highway, STE 5, Jacksonville, Florida 32241, or (3) in the enclosed reply envelope to ensure that your opt-out election is counted.

> **AMERICAN LEGAL CLAIMS SERVICES, LLC (THE "BALLOTING AGENT") MUST RECEIVE THIS OPT-OUT FORM ON OR BEFORE <u>AUGUST 14, 2025, AT 4:30 P.M. (ET)</u> (THE "<u>VOTING DEADLINE</u>"). IF THE OPT-OUT FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.**

## ITEM 1. AMOUNT OF CLAIM

The undersigned hereby certifies that, as of July 7, 2025 (the "<u>Voting Record Date</u>"), the undersigned was the Holder of either a (a) Class 1 Other Secured Claim, (b) Class 2 Other Priority Claim, (c) Class 4 General Unsecured Claim, (d) Class 5 Subordinated Claim, or (e) Class 8 Equity Interest, in the following aggregate amount:

Class 1 Claim Amount $ _____

Class 2 Claim Amount $ _____

Class 4 Claim Amount $ _____

Class 5 Claim Amount $ _____

## ITEM 2: IMPORTANT INFORMATION REGADING RELEASES

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE SUBJECT TO THE CONSENSUAL RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN, AS SET FORTH BELOW. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN. YOU WILL NOT BE CONSIDERED TO GRANT THE CONSENSUAL RELEASES UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU EITHER (A) CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM ON OR BEFORE THE VOTING DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE CONSENSUAL RELEASES IS AT YOUR OPTION.

☐    **OPT OUT** of consensual release provision

## PLAN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS

### *Defined Terms*

"**Exculpated Parties**" means **a) the Debtors; (b) the Reorganized Debtors; (c) the Committee; (d) the Patient Care Ombudsman; and (e) with respect to each of the forgoing Entities in clauses (a), (b), (c), and (d) each Related Party of such Entity**

"**Patient Care Ombudsman**" means the ombudsman appointed in the Chapter 11 Cases pursuant to section 333 of the Bankruptcy Code and the Bankruptcy Court's Order Directing the United States Trustee to Appoint a Patient Care Ombudsman [Docket No. 61].

"**Related Party**" means, each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, equity holders (regardless of whether such equity interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of any Person), accountants, investment bankers, representatives, and other professionals and advisors, and any such Person's respective successors, assigns, heirs, executors, estates, and nominees.

"**Released Parties**" means, in its capacity as such, each of: (i) each Debtor; (ii) each Reorganized Debtor, if any; (iii) the DIP Lender; (iv) the Prepetition Lender; (v) the Plan Sponsor, if any; (vi) the Committee and each member of the Committee; (vii) each Releasing Party; (viii) each Successful Bidder, if any; (ix) the Plan Administrator, if any; (x) the Patient Care Ombudsman; and (xi) each current and former Affiliate of each Entity in clause (i) through (x).

"**Releasing Party**" means, in its capacity as such, each of (i) each Debtor; (ii) each Reorganized Debtor, if any, (iii) the DIP Lender; (iv) the Prepetition Lender; (v) the Committee and each member of the Committee; (vi) the Plan Sponsor, if any; (vii) each Successful Bidder, if any; (viii) the Plan Administrator, if any; (ix) all holders of Claims or Interests that (A) vote to accept the Plan; (B) are presumed to accept the Plan and do not affirmatively opt-out of the releases provided in the Plan; or (C) vote to reject the Plan or are deemed to reject the Plan and do not affirmatively opt-out of the releases provided in the Plan; (x) the Patient Care Ombudsman; (xi) each current and former Affiliate of each Entity in clause (i) through (x); provided that an Entity in clause (i) through (x) shall not be a Releasing Party if it (A) elects to opt-out of the releases provided in the Plan by timely submitting the "Opt-Out Form" or (B) timely objects to the releases provided in the Plan and such objection is not resolved before Confirmation.

### *Article VIII.1(b) Debtors' Release*

Notwithstanding anything in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is

deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released by each of the Debtors, their respective Estates, and any Person seeking to exercise the rights of any of the Debtors or their Estates (including any successors to any of the Debtors or their Estates or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code), in each case, on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Persons who may purport to assert any Cause of Action, derivatively, by, through, for, or because of any of the foregoing Persons, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort or otherwise, that any of the Debtors, their Estates, the Reorganized Debtors or Wind-Down Debtor(s), as applicable, or any successors to or representatives of the foregoing appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or that any holder of any Claim against or any Interest in, any of the Debtors could have asserted on behalf of any of the Debtors or their Estates, based on, relating to, or in any manner arising from, in whole or in part: any of the Debtors (including the capital structure, management, ownership, or operations thereof); any Security of any of the Debtors; the subject matter of, or the transactions or events giving rise to, any Claim, Cause of Action or Interest; the business or contractual arrangements between any Debtor and a Released Party; any of the Debtors' restructuring efforts; any Avoidance Actions held by any of the Debtors or their Estates; any intercompany transactions performed by any of the Debtors; the Debtors' Chapter 11 Cases (including the Filing thereof and any relief obtained by the Debtors therein); the formulation, preparation, dissemination, negotiation, or Filing of the Plan, the Plan Supplement, the DIP Facility, the Disclosure Statement, or the Bidding Procedures Order (and the procedures approved thereby); any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Person regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order with respect to the Plan in lieu of such legal opinion) created or entered into in connection with the Plan or the Bidding Procedures Order; the solicitation of votes on the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the implementation of the Plan, including the issuance or revesting of equity or any other property pursuant to the Plan; or any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date other than Claims and liabilities resulting therefrom arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, in each case, solely to the extent determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date Claims or obligations of any Person under the Plan, the Confirmation Order with respect to the Plan, any Restructuring Transaction, any Definitive Document, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

*Article VIII.1(c) Patient Care Ombudsman Release*

Neither the Patient Care Ombudsman nor any Professional retained by the Patient Care Ombudsman shall have any liability with respect to any act, omission, statement, or representation arising out of, relating to, or involving, in any way, the Patient Care Ombudsman's evaluations, reports, pleadings, or other writings filed by or on behalf of the Patient Care Ombudsman in or in connection with the Chapter 11 Cases other than acts or omissions involving or arising out of gross negligence, willful misconduct, attorney malpractice, or a violation of applicable disciplinary or ethical rules. This provision shall be valid only to the extent it complies with any applicable rules of professional conduct.

### *Article VIII.1(d) Holders' of Claims and Interests Release*

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part: any of the Debtors (including the capital structure, management, ownership, or operation thereof); any security of any of the Debtors or any of the Reorganized Debtors; the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan; the business or contractual arrangements between any Debtor and any Released Party; the assertion or enforcement of rights and remedies against any of the Debtors; the Debtors' in- or out-of-court restructuring efforts; any Avoidance Actions held by any of the Debtor(s) or their Estates; intercompany transactions between or among a Debtor and another Debtor; the Chapter 11 Cases; the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Bidding Procedures Order, the Plan, or the Plan Supplement; any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the DIP Facility, the Disclosure Statement, the Bidding Procedures Order, the Plan, or the Plan Supplement; the Filing of the Debtors' Chapter 11 Cases; the Disclosure Statement, the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or revesting of equity pursuant to the Plan, the distribution of property under the Plan or any other related agreement, or any cancellation of debt income realized in connection with the Plan; or upon any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, other than Claims and liabilities resulting therefrom arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any party of any obligations related to customary banking products, banking services or other financial accommodations (except as may be expressly amended or modified by the Plan or any other financing document under and as defined therein) or (ii) any post-Effective Date obligations of any Person under the

Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, the Asset Purchase Agreement(s), if any, or any Claim or obligation arising under the Plan.

### *Article VIII.1(e) Exculpation*

Except as otherwise specifically provided in the Plan or the Confirmation Order with respect to the Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claims and Causes of Action related to any act or omission occurring between and including the Petition Date and the Effective Date in connection with, relating to, or arising out of: the Debtors' Chapter 11 Cases (including the Filing thereof); the formulation, preparation, dissemination, negotiation, Filing, or termination of the Plan, the Disclosure Statement, the Bidding Procedures Order, the DIP Facility, the Plan Sponsor Term Sheet, or any contract, instrument, release or other agreement or document created or entered into in connection with the Debtors' Chapter 11 Cases, whether or not included in the Plan Supplement or constituting a Definitive Document; the Restructuring Transactions contemplated by the Plan and any prepetition transactions relating to any of the foregoing; the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or revesting of New Membership Interests pursuant to the Plan, or the distribution of property under the Plan; any Asset Purchase Agreement(s); or any other related act or omission, transaction, event, or other occurrence taking place on or before or in connection with the Effective Date, except for Claims and liabilities resulting therefrom related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by an Exculpated Party.

The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan in all respects.

### *Article VIII.1(f) Permanent Injunction*

Except as otherwise expressly provided in the Plan or the Confirmation Order with respect to the Plan, all Persons who have held, hold, or may hold any Claims or Causes of Action against, or Interests in, any of the Debtors that have been released, discharged, or are subject to release or exculpation hereunder are permanently enjoined, from and after the Effective Date, from taking any of the following actions against any of the Debtors, the Reorganized Debtors, the Wind-Down Debtor(s), as applicable, or any of the other Exculpated Parties or any of the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with any such Claim, Cause of Action or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against any of the Exculpated Parties or Released Parties on account of or in connection with any such Claim, Cause of Action or Interest; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against any of the Exculpated Parties, Released Parties or their property on account of or in connection with or with respect to any such Claim, Cause of Action or Interest; and (4) asserting any right of setoff or subrogation against any obligation due from any of the Exculpated Parties, Released Parties or against their property on account of or in

connection with any such Claim, Cause of Action or Interest unless, with respect to setoff, such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date or Filed a Proof of Claim that asserts or preserves any such right, and until such motion has been granted or the Filed Proof of Claim is Allowed.

Upon entry of the Confirmation Order with respect to the Plan, all holders of Claims and Causes of Action against, and Interests in, any of the Debtors and their respective Related Parties shall be enjoined from taking any actions to interfere with the implementation of the Plan or any Restructuring Transaction (if applicable).

## ITEM 3. CERTIFICATION

By signing this paper Opt-Out Form, the undersigned certifies each of the following:

(a)     that, as of the Voting Record Date, either (i) the Entity is the Holder of the Claims or Interests set forth in Item 1 or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claims or Interests set forth in Item 1;

(b)     that the Holder has received a copy of the *Notice of Non-Voting Status to Holders of Claims and Interests in Non-Voting Classes* and the *Opt-Out Form* and that this Opt-Out Form is submitted pursuant to the terms and conditions set forth therein;

(c)     That the Entity has submitted the same respective election concerning the releases with respect to all claims in a single Class set forth in Item 1; and

(d)     That no other Opt-Out form with respect to the amount(s) of Claims or Interests identified in Item 1 have been submitted or, if any other Opt-Out Forms have been submitted with respect to such Claims, then any such earlier Opt-Out Forms are hereby revoked.


_____
Name of Holder

_____
Signature

_____
Name of Signatory and Title

_____
Name of Institution (if different than Holder)

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
E-mail Address

_____
Date Completed

**<u>Exhibit 4</u>**

**Combined Hearing Notice**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Landmark Holdings of Florida, LLC, | Case No. 2:25-bk-00397 |
| | Jointly Administered With |
| Landmark Management Services of Florida, LLC, | Case No. 2:25-bk-00398 |
| Landmark Rehabilitation Hospital of Columbia, LLC, | Case No. 2:25-bk-00399 |
| Landmark Hospital of Athens, LLC, | Case No. 2:25-bk-00400 |
| Landmark Hospital of Cape Girardeau, LLC, | Case No. 2:25-bk-00401 |
| Landmark Hospital of Columbia, LLC, | Case No. 2:25-bk-00402 |
| Landmark Hospital of Joplin, LLC, | Case No. 2:25-bk-00403 |
| Landmark Hospital of Savannah, LLC, | Case No. 2:25-bk-00404 |
| Debtors.[1] | |

## NOTICE OF (A) COMBINED HEARING ON
## APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN
## AND (B) DEADLINE TO OBJECT TO DISCLOSURE STATEMENT
## AND CONFIRMATION OF PLAN

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOUR RIGHTS MAY BE AFFECTED BY THE PLAN.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Landmark Holdings of Florida, LLC (1217); Landmark Management Services of Florida, LLC (7031); Landmark Rehabilitation Hospital of Columbia, LLC (5424); Landmark Hospital of Athens, LLC (2745); Landmark Hospital of Cape Girardeau, LLC (1155); Landmark Hospital of Columbia, LLC (5424); Landmark Hospital of Joplin, LLC (9493); and, Landmark Hospital of Savannah, LLC (8003).

<u>TO</u>:    **ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN LANDMARK HOLDINGS OF FLORIDA, LLC AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ALL OTHER PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

      **PLEASE TAKE NOTICE THAT** on **July 7, 2025**, Landmark Holdings of Florida, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "<u>Debtors</u>"), filed their (i) *Joint Chapter 11 Plan For Landmark Holdings of Florida, LLC and Its Debtor Affiliates* [Docket No. 221] (as may be amended, supplemented, or modified from time to time, the "<u>Plan</u>"), and (ii) *Disclosure Statement Accompanying Joint Chapter 11 Plan For Landmark Holdings of Florida, LLC and Its Debtor Affiliates* [Docket No. 222] as may be amended, supplemented, or modified from time to time, the "<u>Disclosure Statement</u>").[2]  On **July [__], 2025**, the Bankruptcy Court entered an order [Docket No. __] that, among other things, approved the Disclosure Statement on a conditional basis and established **August 15, 2025, at 4:30 p.m. (ET)** as the deadline for objecting to the adequacy of the disclosure statement and confirmation of the Plan (the "<u>Objection Deadline</u>") and **August 21, 2025 at [__:00 a.m./p.m.] (ET)** as the date and time of the hearing to consider confirmation of the Plan (the "<u>Combined Hearing</u>").

      If you wish to review the Plan, you may receive a copy of the Plan free of charge from American Legal Claims Services, LLC, the balloting agent retained by the Debtors in these chapter 11 cases, by: (i) phone at (904)517-1444; (ii) visiting https://www.americanlegal.com/Landmark; or (iii) sending an email to <u>Notice@americanlegalclaims.com</u> with "Landmark Solicitation Inquiry" in the subject line.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://www.flmb.uscourts.gov/.  Please be advised that American Legal Claims Services LLC is authorized to answer questions and provide additional copies of solicitation materials but may **not** advise you as to whether you should object to the Plan.

      The Bankruptcy Court can confirm the Plan and bind all Holders of Claims and Interests if, after approval of the Disclosure Statement and the solicitation of votes to accept or reject the Plan, it is accepted by the Holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Claims in each Voting Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on all Holders of Claims and Equity Interests whether or not a particular Holder was entitled to vote, voted, or affirmatively voted to reject the Plan.

      The Combined Hearing to consider the adequacy of the Disclosure Statement on a final basis and confirmation of the Plan will commence on and **August 21, 2025 at [__:00 a.m./p.m.] (ET)**, before the Honorable Caryl E. Delano, Chief United States Bankruptcy Judge, in Courtroom 9A of the United States Bankruptcy Court for the Middle District of Florida, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602.  Unless otherwise notified, Judge Delano will conduct

---

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Plan.

the Combined Hearing from Tampa Courtroom 9A.  Parties may attend the hearing by video or telephone via zoom.  UNLESS INSTRUCTED OTHERWISE, PARTIES MAY NOT APPEAR IN PERSON AT THE FORT MYERS COURTHOUSE.  Parties are directed to consult Judge Delano's *Procedures Governing Court Appearances* regarding policies and procedures for attendance at hearings by video or telephone via Zoom, available at https://www.flmb.uscourts.gov/judges/delano.  If you are unable to access the Court's website, please contact the Courtroom Deputy at 813-301-5195 no later than 3:00 p.m. one business day before the date of the hearing.

The Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on such parties as the Bankruptcy Court may order.  Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, before, during or as a result of the Combined Hearing, without further notice to parties in interest.

### CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> **ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.  YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Objection Deadline.  The deadline for filing objections to the adequacy of the Disclosure Statement or confirmation of the Plan is **August 15, 2025, at 4:30 p.m. (ET)**.

Any objection to the adequacy of the Disclosure Statement or confirmation of the Plan must: (a) be made in writing, (b) conform to the Bankruptcy Rules and the Local Rules (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual basis for the objection, and (e) be filed with the Court and served so as to be **actually received** no later than the Objection Deadline by the parties listed below (the "Notice Parties").  OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.

a.  Counsel for the Debtors: Hunton Andrews Kurth LLP, 951 E. Byrd Street, Richmond, VA 23219 (Justin F. Paget, jpaget@hunton.com and Jennifer E. Wuebker, jwuebker@hunton.com);

b.  Counsel for the Prepetition Lender: Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2200, 150 West Flagler Street, Miami, FL 33130 (Patricia A. Redmond, predmond@stearnsweaver.com and jmartinez@stearnsweaver.com) and Garbett, Allen, Roza & Yates, P.A., Brickell City Tower, 80 S.W. Eighth Street, Suite 3100, Miami, FL 33130 (David S. Garbett, dgarbett@garlawfirm.com);

c.  Counsel for the DIP Lender (if any):

d.  <u>The Office of the United States Trustee</u>: 501 E. Polk Street, Suite 1200, Tampa, FL 33602 (Attn: Guy A. Van Baalen, guy.a.vanbaalen@usdoj.gov); and

e.  <u>Counsel for the Committee</u>: Greenberg Traurig, LLP, 3333 Piedmont Road NE, Suite 2500, Atlanta, GA 30305 (John D. Elrod, elrodj@gtlaw.com and Allison J. McGregor, Allison.McGregor@gtlaw.com).

## **ADDITIONAL INFORMATION**

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  YOU SHOULD REVIEW THESE PROVISIONS CAREFULLY.